Kentha Earl McDOWELL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7534.

United States Court of Appeals
Tenth Circuit.

April 17, 1964.

Certiorari Denied June 22, 1964.
See 84 S.Ct. 1944.

Donald D. Pfeifer, Denver, Colo., for appellant.

Arthur L. Fine, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

PER CURIAM.

Appellant was charged, tried and convicted by a jury under an indictment alleging a violation of 21 U.S.C.A. § 174, pertaining to the illegal traffic in narcotics. No appeal was perfected from that conviction. A motion under 28 U.S.C.A. § 2255 was subsequently filed in the sentencing court attacking the validity of the judgment of conviction and sentence because the indictment did not set out the name of the person with whom appellant dealt in making the illegal narcotics transaction. The lower court denied the motion, as a matter of law, upon the files and record of the original criminal case.

Indictments under various narcotics statutes, not naming the alleged purchaser, have been held valid. Clay v. United States, 10 Cir., 326 F.2d 196, charging a sale under 26 U.S.C.A. § 4705 (a) ; Jackson v. United States, 8 Cir., 325 F.2d 477, and Robison v. United States, 9 Cir., 329 F.2d 156, each charging a sale of heroin, like this case, under 21 U.S.C.A. § 174; Rivera v. United States, 9 Cir., 318 F.2d 606, charging a sale of marihuana under 21 U.S.C.A. § 176a.

The indictment in this case clearly alleged all of the statutory elements of the crime charged. It should also be noted that McDowell was represented at his criminal trial by counsel of his own choice and that the trial record before us does not disclose any attempt to procure, in advance of trial, the name of the alleged purchaser. Nor is there any showing in the record that McDowell was unable to adequately prepare his defense prior to trial because the name of the alleged purchaser was then unknown. During the trial the alleged purchaser testified fully about the transaction and McDowell later took the witness stand in his own behalf and categorically denied the sale. The indictment and the trial record provide ample protection to McDowell from the danger of double jeopardy. Clay v. United States, supra. The failure to name the alleged purchaser in the indictment cannot, from this record, be said to prejudice McDowell.

Affirmed.