WALLACE G. ANDERSON, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5767

June 30, 1969                  456 P.2d 445

*Fry and Fry,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Virgil D. Dutt,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

Appellant was convicted of felony drunk driving and sentenced to two years imprisonment in the penitentiary. Respondent confesses error on the principal issue of the appeal. We reverse the conviction and remand for a new trial.

Appellant, after having consumed some intoxicating beverages, was driving south on South Virginia Street in Reno. He ran into the rear end of a stopped vehicle attempting to make a lefthand or U-turn. The driver of that vehicle was injured.

Appellant testified he was driving in a proper lane within the speed limit when the other vehicle suddenly changed lanes in front of him and stopped without warning.

The injured driver said she had been stopped at least 30 seconds at a break in the divider island and had given a proper signal for a lefthand turn when she was struck from behind by appellant.

Following the accident, in which appellant was also injured, he was taken to a hospital where a blood sample was taken. The blood was analyzed by a toxicologist under the supervision of a medical doctor. Only the doctor was called as a witness to testify to the results of the analysis.

On March 12, 1968, appellant was charged by information with felony drunk driving, a violation of NRS 484.040. He was convicted and sentenced, and thereafter filed this appeal.

The issues are these:

I.  Did the prosecution fail to establish all of the elements of "felony drunk driving" as required by NRS 484.040?

II.  Was it error for the prosecution to question appellant on whether at the time of the accident his driver's license was suspended or revoked?

III.  Did the trial court commit reversible error in admitting the results of the blood test into evidence?

1.   NRS 484.040 reads as follows: "PERSON DRIVING UNDER INFLUENCE OF INTOXICATING LIQUOR GUILTY OF FELONY.   Any person while intoxicated or under the influence of intoxicating liquor who drives or operates a vehicle of any kind, and who, by reason of such intoxication or condition, does any act or neglects any duty now or hereafter imposed by law, which act or neglect of duty causes the death of, or bodily injury to, any person, shall be punished as for a felony."

There have been no cases construing that statute in Nevada. California has a substantially similar statute which was construed in People v. Clark, 20 Cal.Rptr. 803 (Ct.App. 1962), which held the essential elements of drunk driving to be as follows: "In order to prove felony drunk driving, the People had the burden of establishing beyond all reasonable doubt the following elements of the offense: (1) that the defendant drove a vehicle on the public highway; (2) that he was then and there under the influence of intoxicating liquor; (3) *that he did some act forbidden by law or neglected a duty imposed by law* in the driving of such vehicle; and (4) that such act or neglect proximately caused bodily injury to a person other than himself." (Emphasis added.) This holding was quoted with approval in People v. Thurston, 28 Cal.Rptr. 254 (Ct.App. 1963).

In People v. Clenney, 331 P.2d 696 (Cal.App. 1958), the court held that the indictment (or information, as the case may be) must state the act or duty imposed by law that defendant allegedly violated while driving under the influence of intoxicating liquor.

The information failed to allege, and the proof at trial failed to show, what act forbidden by law appellant committed in addition to driving a vehicle on a public highway while under the influence of intoxicating liquor. Respondent concedes both are proper requirements to sustain a conviction and confesses they were absent in the charge against and trial of appellant.

2.   During cross-examination, appellant was asked about prior misdemeanor convictions apparently for impeachment purposes. The court sustained objections to both questions. The ruling was proper. NRS 48.020; Plunkett v. State, 84 Nev. 145, 437 P.2d 92 (1968); Fairman v. State, 83 Nev. 287, 429 P.2d 63 (1967).

418

3.   Appellant contends it was error to allow the medical doctor to testify as to the result of his blood analysis without calling the toxicologist who actually performed the test under the doctor's control and supervision. He contends there is no proof of a proper chain of custody nor of the qualifications of the individual conducting the specific test. We disagree. See State v. Salter, 162 N.W.2d 427 (Iowa 1968); State v. Sweat, 433 P.2d 229 (N.M.App. 1967); State v. Bailey, 339 P.2d 45 (Kan. 1959); Bryan v. State, 252 S.W.2d 184 (Tex.Cr. App. 1952).

Because there is conflicting evidence in the record from appellant and the other injured driver as to the circumstances of the collision of their automobiles and what other act forbidden by law or neglect of duty imposed by law may have been committed by appellant, we reverse the conviction and remand the cause for a new trial.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.