**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Patricia Ann LEWIS, Defendant-Appellant.**

**No. 23074.**

United States Court of Appeals, Ninth Circuit.

May 12, 1970.

Kenneth P. Lezin, Mill Valley, Cal., for defendant-appellant.

William M. Byrne, Jr., U. S. Atty., Robt. L. Brosio, Eric A. Nobles, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before HAMLEY, MERRILL and TRASK, Circuit Judges.

PER CURIAM.

Appellant was indicted on nine counts for violating the narcotics laws, 21 U.S.C. § 174 and 26 U.S.C. § 4705(a). Three separate instances of possession and sale were involved. At the close of the Government's case three counts were dismissed on motion of the United States, and three on motion of the appellant. At the end of the jury trial appellant was convicted on the remaining three counts and sentenced to five year concurrent terms.

1. Appellant contends that the motion of acquittal should have been granted on two of the remaining counts, on grounds that the indictments were fatally defective in that they charged sale to a federal agent, while the proof offered was of sale to the informer. We disagree. Appellant concedes that she was not misled by the variance; nor do we regard the variance between indictment and proof as affecting substantial rights under Berger v. United States, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). Nor is there any possibility of double jeopardy, since the record as well as the indictment must be consulted should that issue arise in a future prosecution. Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).

2. Appellant also contends that there was insufficient evidence of a sale to go to the jury. After reviewing the record we conclude that there was sufficient evidence to permit the jury to conclude beyond a reasonable doubt that appellant had sold the heroin. Moreover, in the absence of plain error, appellant waived challenge to the denial of the motion for acquittal by electing to go forward with proof. Benchwick v. United States, 297 F.2d 330, 335 (9th Cir. 1961).

3. Appellant asserts in effect that the United States prosecuted the three counts on which it later sought dismissal only to gain entry for evidence otherwise inadmissible. Her position is untenable. It does not appear that the United States was proceeding in bad faith; thus presentation of proof on those counts cannot be said to amount to misconduct.

4. Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970), is dispositive of appellant's challenge to the constitutionality of 21 U.S.C. § 174 in so far as the statute pertains to heroin.

Judgment affirmed.