VALERIA MARTELL LOGAN, Appellant, v. WARDEN AND STATE OF NEVADA, Respondents.

No. 6034

June 23, 1970                                471 P.2d 249

*Richard C. Minor,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General; *John Chrislaw,* District Attorney, and *Howard D. McKibben,* Deputy District Attorney, Douglas County, for Respondents.

# OPINION

By the Court, COLLINS, C. J.:

This is an appeal from denial of an application for habeas corpus in the lower court. We affirm that order.

On March 27, 1969, at approximately 4:20 a.m., an automobile driven by appellant, in which her husband was a passenger, collided with the left rear of a large semi-trailer truck parked in front of the Sierra Motel, Gardnerville, Nevada. The truck and trailer were legally parked next to the curb within the lined parking area and out of the traveled portion of the highway. Her husband was killed. Blood alcohol tests showed a percentage of .255 for appellant and .357 for her husband.[1]

Appellant was arrested and charged with a violation of NRS 484.040.[2] Following a preliminary hearing, appellant was held to answer in the district court. An information was filed,[3] she was arraigned thereon, and on the date set for trial, with advice of counsel, entered a plea of guilty and was sentenced to the penitentiary.

Following the rendition of our opinion in Anderson v. State, 85 Nev. 415, 456 P.2d 445 (1969), appellant for the first time sought to challenge the sufficiency of the information in

---

[1]NRS 484.055(1)(c) established a presumption of being under the influence when the blood alcohol percentage is .15 or more.

[2]NRS 484.040 reads: "Any person while intoxicated or under the influence of intoxicating liquor who drives or operates a vehicle of any kind, and who, by reason of such intoxication or condition, does any act or neglects any duty now or hereafter imposed by law, which act or neglect of duty causes the death of, or bodily injury to, any person, shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years, or by a fine of not more than $5,000, or by both fine and imprisonment."

[3]"That the said defendant on the 27th day of March, A. D. 1969, or thereabout, and before the filing of this information, at and within the County of Douglas, State of Nevada, did wilfully, unlawfully and feloniously and while under the influence of intoxicating liquor or while intoxicated and who by reason of such intoxication or condition did drive a motor vehicle in such a negligent manner as to cause the death of ROBERT LOGAN, said operation having occurred in the Town of Gardnerville, East Fork Township, County of Douglas, State of Nevada."

charging a crime under NRS 484.040 by filing an application for habeas corpus.[4]

The single issue for our decision is this: Whether the information filed in this case was sufficient to charge a crime under NRS 484.040?

1.  In several recent opinions we have held that when an information (or indictment) is challenged for sufficiency for the first time after conviction, a reduced standard will be applied in making that test. Larsen v. State, 86 Nev. 451, 470 P.2d 417 (1970); Laney v. State, 86 Nev. 173, 466 P.2d 666 (1970). See also Garnick v. District Court, 81 Nev. 531, 407 P.2d 163 (1965); State v. Hurley, 66 Nev. 350, 210 P.2d 922 (1949); State v. Raymond, 34 Nev. 198, 117 P. 17 (1911); State v. Hughes, 31 Nev. 270, 102 P. 562 (1908); State v. Lovelace, 29 Nev. 43, 83 P. 330 (1906).

2.  In determining whether an information (or indictment) provides adequate due process notice of the crime charged to enable a defendant to plead or defend, this court will look not only to the pleading but also to the transcript of the preliminary hearing or the Grand Jury session. See People v. Anderson, 361 P.2d 32 (Cal. 1961); People v. Roberts, 254 P.2d 501 (Cal. 1953); People v. Johnson, 40 Cal.Rptr. 711 (Dist.Ct. App. 1964).

The basis for the California rule is that each defendant is entitled to a copy of the preliminary hearing transcript or the Grand Jury proceedings and knows what the State intends to prove at trial. In Nevada a defendant has access as a matter

---

[4]Appellant's petition did not purport to be in the nature of a post-conviction procedure act application pursuant to NRS 177.315 et seq. Therefore, since the 1969 legislature removed all reference to habeas corpus in the post-conviction procedure act (ch. 87, [1969] Stats. of Nev. 106–08), and all reference to the post-conviction procedure act in the habeas corpus statute (Id. at 106), we will assume the petition was a petition for a writ of habeas corpus under NRS 34.360 et seq. .

Both parties to this appeal have proceeded on the assumption that the issue was appropriate for habeas relief and was to be decided by the standard used for reviewing the sufficiency of indictments and informations on direct appeal following conviction. Consequently we have decided this case using that standard, but only because respondent assumed this to be the appropriate standard and because it does not alter the outcome on appeal. But, we wish to emphasize that the inquiry into the sufficiency of an indictment or information in a habeas corpus proceeding remains that established in Ex parte Moriarity, 44 Nev. 164, 191 P. 360 (1920), and followed in Ex parte Boley, 76 Nev. 138, 350 P.2d 638 (1960).

of right to the same transcripts. See NRS 171.198(1), requiring magistrates to employ a reporter to take down all testimony and proceedings at a preliminary hearing; NRS 171.198(6), requiring that a copy of that transcript be furnished each defendant without charge; NRS 172.215, requiring a reporter to be present when a Grand Jury investigates criminal cases; and NRS 172.225, requiring that a copy of the Grand Jury proceedings be given to a defendant at least 10 days before arraignment.

It would seem, therefore, that with the combined information provided by the charging instrument and the transcript, a defendant would be sufficiently apprised of the nature of the offense to adequately prepare his defense, and if not, he should challenge the sufficiency of the information or indictment at that time. See Clay v. United States, 326 F.2d 196 (10th Cir. 1963); Laney v. State, supra; People v. Johnson, 40 Cal.Rptr. 711 (Dist.Ct.App. 1964).

There was evidence at the preliminary hearing that appellant failed to keep her vehicle within the traffic lane of the roadway and struck the truck-trailer rig completely off the traffic lane and in an area marked for parking. That knowledge of what the State intended to prove, coupled with the charge in the information that while intoxicated she "did drive a motor vehicle in such a negligent manner as to cause the death of Robert Logan" is sufficient, in our opinion, to deny her challenge.

3. But, appellant argues, Anderson v. State, supra, is direct authority for her challenge. Her reliance is misplaced. In Anderson, appellant argued and the State conceded there was nothing in the information, *nor in the proof at trial,* to show what act forbidden by law appellant committed in addition to driving a vehicle on a public highway while under the influence of intoxicating liquor.

In an earlier Nevada case not cited in Anderson, State v. Mills, 52 Nev. 10, 279 P. 759 (1929), a challenge after conviction (similar to the challenge here) that the information failed to charge a crime under ch. 166, § 3, [1925] Stats. of Nev. 255, the predecessor to NRS 484.040, was denied by this court. In *Mills,* the information, in pertinent part, charged: "That C. E. Mills . . . did, then and there, wilfully, unlawfully and feloniously, while under the influence of intoxicating liquor, and by reason of being under the influence of said intoxicating liquor, did drive and operate a motor vehicle, to-wit: an automobile, in, along and upon a public highway in the City

of Las Vegas, County of Clark, State of Nevada, in a dangerous and reckless manner, and . . . did, then and there, strike and collide with a certain motor vehicle. . . ."

This court held: "We think the allegation in the information that the motor vehicle was operated in a reckless and dangerous manner is a *sufficient allegation of one of the essential elements of this statutory offense.* It includes the language of the statute, to wit, in a 'reckless manner,' and is a statement of the ultimate fact denounced by the statute. *It is a statement of the general manner of the driving which is prohibited.* The particular manner which constitutes reckless driving, whether on the wrong side of the road or at excessive speed, is merely evidence of the ultimate fact proscribed, which evidence need not be stated in an information or indictment. The particular manner in which appellant was driving should have been peculiarly within his knowledge, and it is therefore difficult to understand how he could have been misled as to his defense or otherwise prejudiced by the lack of a more specific statement in the information." 52 Nev. at 16. (Emphasis added.)

The denial of habeas corpus is affirmed.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.

