JOE E. VINCZE, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 5724

July 6, 1970

472 P.2d 936

[Rehearing denied July 29, 1970]

See also 86 Nev. 474, 470 P.2d 427 (1970).

*Samuel B. Francovich* and *Melvin Schaengold,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

This is an appeal from a jury verdict of conviction and court refusal to grant a new trial in a prosecution for obtaining money by false pretenses. We affirm the conviction and the order.

Appellant, Joe E. Vincze, was given two checks totaling $1,850 by Roberto E. Novak in exchange for a bill of sale to some mining equipment located in Battle Mountain, Nevada. When Novak attempted to take possession of the machinery, he was ordered off the property where it was located and told it belonged to a Texas company. At the trial, a representative of Milwhite Mud Sales, Inc. presented testimony and documents establishing that company's ownership of the machinery. Vincze was arrested, indicted by the Grand Jury for obtaining money by false pretenses, a violation of NRS 205.380, tried and convicted.

During presentation of evidence to the Grand Jury, one of the jurors asked, "What determines ownership of mining equipment?" The deputy district attorney presenting the evidence responded, "That would be immaterial. Any further questions?" None were asked by that juror.

During the trial, appellant offered and the court refused to give his proposed instruction No. 1.[1]

Following conviction, appellant challenged, for first time, the sufficiency of the indictment. He contended it failed to charge a crime.

He also urges there was not sufficient evidence to sustain a criminal charge and urges the controversy was only a matter for civil litigation.

The issues thus presented for our consideration are these:

I. Whether there was interference by the assistant district

---

[1]"If two conclusions can reasonably be drawn from the evidence, one of innocence and one of guilt, the jury should adopt the one of innocence."

attorney with the Grand Jury indicting appellant which would vitiate the indictment and the conviction had upon it?

II.    Whether the trial court erred in refusing to give an instruction that if two conclusions can reasonably be drawn from the evidence, one of innocence and one of guilt, the jury should adopt the one of innocence?

III.    Whether the indictment sufficiently charges an offense against the laws of this state?

IV.    Whether this was really a civil matter and not a criminal matter?

1.    The prosecutor was incorrect in advising the grand juror his question about the ownership of the mining machinery was immaterial. However, appellant failed to make his objection timely, NRS 174.105(1) and (2), or to demonstrate how he was thereby prejudiced. See NRS 178.598.[2]

2.    Appellant contends that because some of the evidence at the trial was circumstantial, it was error to refuse his proposed instruction No. 1. This court has never taken a clear-cut stand on such an instruction. An instruction in which that language was only part of a more general instruction, but not singled out for specific consideration, has been approved in State v. Murray, 67 Nev. 131, 150, 215 P.2d 265 (1950), Terrano v. State, 59 Nev. 247, 91 P.2d 67 (1939), and State v. Boyle, 49 Nev. 386, 399–400, 248 P. 48 (1926). Refusal to give such an instruction was upheld in Scott v. State, 72 Nev. 89, 94–95, 295 P.2d 391 (1956), where it was stated: "We are not concerned with the propriety of such an instruction where the proof is entirely circumstantial. There was no error in refusing the instruction in view of the direct evidence in this case." See also People v. Bonds, 1 Nev. 33 (1865).

While there is substantial authority to the contrary, we prefer the rule announced in Holland v. United States, 348 U.S. 121 (1954), where the U.S. Supreme Court said: "[W]here the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect. . . . Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to

---

[2]NRS 178.598 provides that "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more." *Id.* at 140. This rule is followed in most of the United States Circuit Courts of Appeal, including the Ninth Circuit. See Compton v. United States, 305 F.2d 119 (9th Cir. 1962) (appeal from U.S. District Court, Reno, Nevada).

There was a proper instruction on reasonable doubt given to the jury in this case. The lower court did not err in refusing appellant's proposed instruction No. 1.

3. The challenge to the sufficiency of the indictment, where not made until after conviction and without a showing of prejudice, will be tested by a reduced standard, including reference to the Grand Jury transcript. Logan v. Warden, 86 Nev. 511, 471 P.2d 249 (1970); Larsen v. State, 86 Nev. 451, 470 P.2d 417 (1970); Laney v. State, 86 Nev. 173, 466 P.2d 666 (1970). See also Garnick v. District Court, 81 Nev. 531, 407 P.2d 163 (1965); State v. Hurley, 66 Nev. 350, 210 P.2d 922 (1949); State v. Raymond, 34 Nev. 198, 117 P. 17 (1911); State v. Hughes, 31 Nev. 270, 102 P. 562 (1908); State v. Lovelace, 29 Nev. 43, 83 P. 330 (1906). Though there was no demonstration of prejudice, reference to the Grand Jury statement clearly reveals the facts upon which the state intended to base its claim and gave sufficient notice to appellant to enable him to prepare his defense. There was no error.

4. The facts alleged in the indictment and proof at trial establish this to be a proper criminal proceeding.

Affirmed.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.