UNITED STATES of America, Appellee,

v.

James PATTERSON, Appellant.

No. 72–1694.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1973.

Decided April 19, 1973.

Clark L. Holmes, Des Moines, Iowa, filed brief for appellant.

Alan L. Donielson, U. S. Atty., Des Moines, Iowa, filed brief for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, HEANEY, Circuit Judge, and VAN SICKLE, District Judge.*

VAN SICKLE, District Judge.

Appellant in this case was indicted on 14 counts of stealing United States Treasury checks in violation of 18 U.S.C. § 1708, and 14 counts of forging endorsements on United States Treasury checks in violation of 18 U.S.C. § 495. 3 counts were dismissed during the trial and he was convicted, by a jury, of the remaining 25 counts.

Appellant contends:

1. That there was a failure of proof that these checks were placed in the United States mails, and

2. That the indictment was fatally defective in that it charged theft from a "mail carrier" when the proof was all to theft from a mail box.

■ As to point one above, the Government introduced at the trial, without objection, proofs of mailing of the checks in question, [Tr. p. 198, Ex. 17, 18 and 19]. This proof is adequate under the rule of this Court in United States v. Mooney, 417 F.2d 936 [8th Cir. 1969].

As to point two, the Supreme Court said in Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 631, 79 L.Ed. 1314 [1935]:

"No variance ought ever to be regarded as material where the allegation and proof substantially correspond, or where the variance was not of a character which could have misled the defendant at the trial."

Also see United States v. Schrenzel, 462 F.2d 765 [8th Cir. 1972].

■ As a general rule, defects or imperfections in an indictment will not constitute a ground for reversal where they had no tendency to prejudice an accused or to deprive him of any substantial rights. That rule has been applied where, although one or more of the counts were insufficient or defective, the sentence imposed was within that authorized on the good count or counts.

In Marteney v. United States [218 F. 2d 258 (10th Cir. 1954) cert. denied 348 U.S. 953, 75 S.Ct. 442, 99 L.Ed. 745], there was a conviction on 29 counts of theft of grain, with five year sentences on each to run concurrently. There, the conviction was not upset for failure of the first 28 counts to allege willfulness, where the 29th count was concededly sufficient, and the total sentence imposed did not exceed that which might lawfully have been imposed under that count because the defendant was not prejudiced thereby.

---

* District of North Dakota, sitting by designation.

■ Counsel for the defendant admittedly had disclosure of the entire file of the United States. The defendant also had the advantages of an Omnibus Pre-Trial Conference. The Government's trial brief, filed prior to trial, states, on page 4:

"The Government's proof will not show that the mail was taken from a mail carrier, but rather from a letter box or mail receptacle."

Also, the 14 counts of forging the Treasury checks are concededly sufficient, and the sentence imposed, five years on each count to run concurrently, did not exceed that which might have been imposed under any one of those 14 counts, [18 U.S.C. § 495], or under any one of the theft counts, [18 U.S.C. § 1708].

Defendant having failed to show that prejudice resulted from the conviction on the 14 counts of possession of stolen checks from the mail, and having been convicted without error on 14 counts of forgery, and sentenced concurrently on all;

The conviction is affirmed.