UNITED STATES of America,
Appellee,

v.

Henry Thomas GOOD SHIELD,
Appellant.

No. 74–1985.

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1975.

Decided May 5, 1975.

Richard A. Duncan, Pierre, S. D., for appellant.

Richard D. Hurd, Asst. U. S. Atty., Sioux Falls, S. D., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, JONES, Senior Circuit Judge,* and HENLEY, Circuit Judge.

HENLEY, Circuit Judge.

Appellant, Henry Thomas Good Shield, a Winnebago Indian, was charged by indictment with the crime of first degree murder committed on the Rosebud Indian Reservation in South Dakota in violation of 18 U.S.C. §§ 1153 and 1111. He was tried to a jury and was found guilty

---

* Warren L. Jones, United States Court of Appeals for the Fifth Circuit, sitting by designation.

of second degree murder; the District Court sentenced appellant to imprisonment for a term of twenty-five years. He appeals.

Appellant complains that the indictment against him charged that he murdered one Steven Charles Wright, Jr. by beating him with an ax, but that the evidence in the case showed that the true victim of the crime was Steven Charles Wright, Sr., the father of Steven Charles Wright, Jr. The evidence at the trial showed that at the time of trial Steven Charles Wright, Jr. was alive and was residing in California.

Appellant argues that it was incumbent upon the government to prove that he murdered Steven Charles Wright, Jr. as charged in the indictment, and that the government failed to do so. We disagree.

While counsel for appellant argues in his brief in terms of the alleged failure of the government to prove the "corpus delicti" or to prove a "material element" of the offense charged, we think that what his argument boils down to is that there was a fatal variance between the indictment and the proof.[1]

Rule 52(a) of the Federal Rules of Criminal Procedure provides that any error, defense, irregularity or variance which does not affect substantial rights shall be disregarded on appeal.

■ A variance between charge and proof can affect the substantial rights of a defendant in a criminal case if the effect of the variance is to prevent the defendant from presenting his defense properly, or if it takes him unfairly by surprise, or if it exposes him to double jeopardy. See, Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); United States v. Patterson, 477 F.2d 558 (8th Cir. 1973); United States v. Schrenzel, 462 F.2d 765 (8th Cir.), cert.

denied, 409 U.S. 984, 93 S.Ct. 325, 34 L.Ed.2d 248 (1972); Gay v. United States, 408 F.2d 923 (8th Cir.), cert. denied, 396 U.S. 823, 90 S.Ct. 65, 24 L.Ed.2d 74 (1969). Where the variance does not have any of those effects it does not call for reversal.

■ The record in this case reflects that the victim of the killing was the father of the person alleged to have been the victim in the indictment. Appellant and the true victim were well acquainted with each other. There was substantial evidence from which the jury could have found and evidently did find that appellant killed the victim in the course of a drunken spree involving the victim, appellant, some other men, and a woman identified as Jewell Faye McCraig, and that the murder weapon was an ax. The defense seems to have been a denial by the appellant that he had killed anyone on the occasion in question.

Appellant was accused of killing only one person, and it is clear that he knew that the charge and the trial involved the killing of Wright, Sr. rather than Wright, Jr. In the course of his own testimony appellant described a conversation between him and the victim shortly before the killing, and appellant stated expressly that the man with whom he had the conversation was Steven Charles Wright, Sr. and not Steven Charles Wright, Jr.

It is inferable that the confusion about the name of the victim had its origin when the original complaint was filed against appellant some weeks before he was indicted. On March 14, 1974 appellant was brought before a Magistrate for a preliminary hearing; he was represented at the hearing by the same attorney who represented him at the trial and who represents him in connection with this appeal. The mistake about the name of the victim came to light in the

---

1. In the opening portion of his brief counsel sets out two contentions, namely: (1) That the government failed to prove that appellant murdered Steven Charles Wright, Jr., as charged in the indictment. (2) That the government failed to prove that appellant murdered Steven Charles Wright, Jr. by beating him with an ax as alleged in the indictment. The second contention has not been argued, and we consider it to be a variant of the first contention. In any event, there was substantial evidence that the murder weapon was in fact an ax.

course of the hearing and was corrected by a government agent who testified at the hearing. It is simply unfortunate that the mistake was not corrected when the indictment was prepared.

From what has been said, it is plain to us that appellant was not taken by surprise when the proof showed that the elder Wright rather than the younger one had been killed; and it is evident from a consideration of the trial transcript that the mistake in the name of the victim did not hamper appellant and his counsel in the preparation and presentation of appellant's defense.

As to double jeopardy, it is obvious that appellant is in no danger of being prosecuted for killing Steven Charles Wright, Jr. in March, 1974 because that individual was alive months later; and since the record in the case shows that appellant was in fact convicted of murdering Steven Charles Wright, Sr., he has no exposure to further prosecution in connection with that offense.

Affirmed.