WARDEN, NEVADA STATE PRISON, APPELLANT, *v.* HENRY E. SHUFF, RESPONDENT.

No. 8361

November 4, 1975                    541 P.2d 1105

*Robert List,* Attorney General, *D. Geno Menchetti,* Chief Deputy, and *David B. Small,* Deputy, Carson City, for Appellant.

*Horace R. Goff,* State Public Defender, and *Gary D. Armentrout,* Deputy, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Henry E. Shuff, convicted of murder in the second degree by a Clark County jury, was, on November 3, 1969, sentenced to a twenty (20) year term in the Nevada State Prison. His conviction was affirmed in Shuff v. State, 86 Nev. 736, 476 P.2d 22 (1970).

In March 1975, Shuff petitioned for habeas corpus (post-conviction) relief in the First Judicial District Court, Carson City, contending his conviction must be set aside because of

an infirmity in the information upon which he was tried and convicted. The district judge, relying on our decision in Simpson v. District Court, 88 Nev. 654, 503 P.2d 1225 (1972), voided Shuff's conviction because the information did not "specify the means by which the crime was committed."

Effectiveness of the district judge's order was deferred, if the state appealed, which it did.

Appellant contends the district judge's reliance on *Simpson* was misplaced and we are, therefore, compelled to reverse. We agree.

In *Simpson* we ruled that ". . . when an accused proceeds to trial without challenging the indictment . . . he should not be heard to complain if the indictment, with the Grand Jury transcript, gave notice of what later transpired at trial; . . ." 88 Nev. at 661, 503 P.2d at 1230. This language is equally applicable to an information and the transcript of a preliminary examination. Here, it appears from the record that Shuff had pulled a knife from his pocket and thrust it into the victim's throat.

Since Shuff chose to go to trial without challenging the information and he neither raised the issue during trial nor on his appeal, he is proscribed from bringing the challenge at this late date. *Simpson, supra.* Cf. NRS 177.375(2).

Reversed.