UNITED STATES of America, Appellee,

v.

Roy REECE, Jr., Appellant.

No. 76–1672.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 30, 1976.

Decided Jan. 12, 1977.

William C. McArthur, Little Rock, Ark., filed brief for appellant.

W. H. Dillahunty, U. S. Atty., and Fletcher Jackson, Asst. U. S. Atty., Little Rock, Ark., filed brief for appellee.

Before LAY, BRIGHT and WEBSTER, Circuit Judges.

PER CURIAM.

Roy Reece, Jr. appeals his conviction on all counts of an eleven-count indictment charging him with possession of checks stolen from the mail, forgery, and uttering and publishing checks with forged endorsements. Six of the eleven counts stemmed from charges that Reece possessed two United States Government Treasury checks which were stolen from the mail, and that he forged the payees' endorsements and cashed the checks. The remaining five counts consisted of allegations that Reece possessed five checks issued by the State of Arkansas which were stolen from the mail. The district court imposed concurrent sentences of two years' imprisonment followed by two years of probation on some of the counts arising from the United States Treasury check transactions. On the five counts resting on Reece's possession of Arkansas checks, the district court similarly imposed concurrent sentences of two years' imprisonment and two years of probation. Thus, the total sentence imposed amounts to two years' imprisonment plus two years of probation. We affirm the conviction on charges based on Reece's possession, forgery, and uttering of the federal checks (counts 2, 3, 8, 9, 10, and 11), but reverse on the counts relating to Reece's possession of Arkansas state checks allegedly stolen from the mails (counts 1, 4, 5, 6, and 7).

In this appeal appellant Reece contends that his conviction on the two counts relating to unlawful possession of the two United States Treasury checks must fall because the Government failed to prove the checks were stolen from the mail. Reece also contests his conviction on the five counts relating to the Arkansas checks, charging that the prosecution failed to establish these checks had been mailed and therefore failed to support the allegation that Reece possessed stolen mail. Reece next argues that a prejudicial variance existed between the indictment and the proof on one count

(count 5). He additionally challenges the admissibility of certain evidence submitted by the prosecution to support the conviction on all of the counts.

I. *Factual Background.*

The prosecution introduced evidence that on September 28, 1974, United States Treasury check, No. 33357704, in the sum of $70.65, was mailed to Mary Paradise of Little Rock, Arkansas, and that a second Treasury check, No. 86829487, in the amount of $160.50, was mailed on the same date to Margaret S. Hampel of Little Rock, Arkansas. These checks were dated October 1, 1974. The payees never received the checks, but the checks were cashed at the First National Bank of Little Rock, Arkansas, on forged endorsements of the payees. The prosecution established that appellant Reece had in fact cashed the checks and that his handwriting matched the forged endorsements. Over the objection of the appellant, the Government presented the testimony of a confederate of Reece's, Brenda Johnson, who stated that between July 1974, and the date of her arrest, January 7, 1975, she, Reece, and a third person stole government checks from various mailboxes, cashed those checks, and thereafter split the proceeds.

II. *Sufficiency of Evidence—United States Treasury Checks.*

■ We have examined the record relating to appellant's conviction on the counts relating to his possession and cashing of the two United States Treasury checks. The Government's evidence established that the checks had been stolen from the mail. It introduced proof of mailing of those Treasury checks and proved that the payees did not receive them in the mail. Testimony of Brenda Johnson indicated that, when Reece possessed these checks, he knew they had been stolen from the mails. Other testimony established that Reece in fact possessed the checks, forged the endorsements on the checks, and presented them to the First National Bank in Little Rock, Arkansas, in order to cash them. Thus, the Government established beyond any reasonable doubt that Reece unlawfully possessed stolen mail in violation of 18 U.S.C. § 1708; *see Blue v. United States*, 528 F.2d 892 (8th Cir. 1976); *United States v. Patterson*, 477 F.2d 558, 559 (8th Cir. 1973); and *United States v. Mooney*, 417 F.2d 936, 938 (8th Cir. 1969), *cert. denied*, 397 U.S. 1029, 90 S.Ct. 1280, 25 L.Ed.2d 541 (1970); that Reece forged endorsements on these two checks in violation of 18 U.S.C. § 495, and that he uttered and published as true forged checks with intent to defraud the United States, also in violation of 18 U.S.C. § 495.

III. *Objections to Evidence.*

■ The appellant's objection to the testimony of Brenda Johnson is without merit. The district court admitted this testimony for the limited purpose of showing Reece's knowledge that the checks had been stolen. That testimony was admissible under Federal Rule of Evidence 404(b) to show knowledge, plan, and a common pattern of conduct.

■ Reece's challenge to expert testimony identifying Reece's handwriting on the checks and identifying Reece's fingerprints and palm prints on the Arkansas checks also lacks merit. Initially, a government handwriting expert other than the witness at trial had compared Reece's handwriting and fingerprints with the handwriting and fingerprints which appeared on various checks, but that person did not testify. The witness, John L. Melcoch, a document examiner for the Postal Inspection Service, upon subsequent examination at the time of trial, reached an independent opinion which linked appellant to the checks in question. He based his opinions upon trial exhibits which he personally examined. The jury heard his testimony without objection and the motion to strike thereafter made by counsel was overruled by the district court. The record reveals no error, as the opinions expressed rested upon an adequate factual basis and personal knowledge.

IV. *The Error in the Indictment.*

■ Reece's third contention is that the district court erred in refusing to dismiss

count 5 of the indictment because of a variance between the indictment and the Government's proof. Count 5 of the indictment contained a typographical error in a date, alleging that Reece illegally possessed a check on October 1, 1975, instead of October 1, 1974. This argument is frivolous. Reece alleges that the error was "significant", but fails to point to any prejudice to his case as a result of the error. Reece does not allege that he was prevented from presenting his defense properly, was unfairly taken by surprise, or was exposed to double jeopardy. *See United States v. Good Shield*, 515 F.2d 1, 2 (8th Cir. 1975). Moreover, it is established that,

> as a general rule a variance between the date in the indictment and the proof is not fatal if the proof shows that the acts charged were committed on a date within the statute of limitations and prior to the return date of the indictment, as long as the date was not a material element of the crime charged. [*United States v. Joyner*, 539 F.2d 1162, 1164–65 (8th Cir. 1976).]

The record establishes that the variance as to dates was harmless and did not affect substantial rights of the defendant. *See United States v. Frazier*, 545 F.2d 71 (8th Cir. 1976). Thus the claims of error relating to the conviction for possessing, forging, and uttering of the United States Treasury checks must be rejected.

## V. Sufficiency of Evidence—State Issued Checks.

We, however, reluctantly overturn the conviction relating to other counts in the indictment (counts 1, 4, 5, 6, 7). In these counts the Government charged Reece only with possession of stolen mail matter; that is, possession of four checks issued October 1, 1974, and one check issued August 1, 1974, by the Auditor of the State of Arkansas to various payees in Little Rock, in amounts varying from $15 to $132. The prosecution relied on statements of the re-

cipients that these checks had not been received in the mail. The following is a typical example of the Government's proof relative to the mailing:

Q. The document that I am referring to is dated August 1, 1974 in the amount of a hundred and ten dollars. I ask you to look at the back. Does that contain—did you sign that?

A. No.

\* \* \* \* \* \*

Q. Could you tell the jury how you received these checks? At the time— would somebody deliver them to you?

A. Yeah. The postmaster would.

Q. They would come through the United States mail?

A. Right.

The Government may prove mail theft by showing the article in question had been properly mailed, but never received by the addressee. The proof of such facts permits a reasonable inference of theft from the mails. *See Blue v. United States, supra,* 528 F.2d at 894, n. 2, and cases cited therein. The fact of mailing may be established by means other than direct proof of such mailing; that is, by circumstantial evidence of mailing. *See Blue v. United States, supra,* 528 F.2d 892.

Here, the Government rested its proof of the mailing of the Arkansas checks on conclusionary statements by witnesses that each expected a particular check to be delivered by mail. The witnesses were all payees of the government checks, however, and had no personal knowledge of whether the state-issued checks involved in the indictment had in fact been mailed. Thus, there was a complete failure of proof by either circumstantial or direct evidence that the state checks here in question had been placed in the mail. Because of this failure of proof, we must reverse the convictions on counts 1, 4, 5, 6, and 7.[1] Our overruling of

---

1. Although one may speculate that Arkansas checks are probably distributed by mail the prosecutor made no effort to support a reasonable inference of that fact by testimony or able inference of that fact by testimony or other evidence. We believe that with little additional effort, the prosecutor could have presented evidence indicating that the state welfare checks had been mailed to recipients at

the conviction on counts 1, 4, 5, 6, and 7, of course, does not affect the sentence in any way. We affirm the judgment of conviction on counts 2, 3, 8, 9, 10, and 11.

Affirmed in part and reversed in part.

times relevant to the times specified in the indictment.