THE STATE OF NEVADA, Appellant, *v.* GLENN
W. JOHNSTON, Respondent.

No. 9248

May 12, 1977                                  563 P.2d 1147

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Bill C. Hammer,* Deputy District Attorney, Clark County, for Appellant.

*Morgan D. Harris,* Public Defender, and *Herbert F. Ahlswede,* Deputy Public Defender, Clark County, for Respondent.

## OPINION

*Per Curiam:*

The narrow issue presented is whether it is necessary to set forth the "act or neglect of duty" that proximately causes the death or bodily harm when charging a felony under NRS 484.-3795.[1] The district judge, in dismissing the offense predicated on that statute, held that it was necessary, and dismissed the charge. The State has appealed. We affirm.

According to the grand jury record, the respondent, Glenn W. Johnston, while under the influence of intoxicating liquor, was drag-racing with another vehicle. Both the cars ran a stop sign. Johnston's car collided with a third vehicle crossing the intersection. Passengers in both vehicles received serious injuries, from which one of the passengers in Johnston's car later died.

1. A grand jury indictment was returned against Johnston and Brent Leishman, with whom Johnston was drag-racing.

---

[1]NRS 484.3795:

Any person who, while under the influence of intoxicating liquor, or a controlled substance as defined in chapter 453 of NRS, or under the combined influence of intoxicating liquor and a controlled substance, or any person who inhales, ingests, applies or otherwise uses any chemical, poison or organic solvent to a degree which renders him incapable of safely driving or steering a vehicle, does any act or neglects any duty imposed by law while driving or in actual physical control of any vehicle, which act or neglect of duty proximately causes the death of, or substantial bodily harm to, any person other than himself, is guilty of a felony.

The indictment contained three counts: Count III charged both Johnston and Leishman with involuntary manslaughter,[2] Count II related only to Leishman, and Count I charged Johnston with driving under the influence of liquor and causing substantial bodily harm to two of Johnston's passengers and a passenger riding in the car he struck.[3]

2. In dismissing Count I of the indictment, which was predicated on a violation of NRS 484.3795, the district judge ruled that the State must allege the act or neglect of duty that proximately caused the bodily harm to the persons named therein.

The State claims the court erred and that under NRS 484.-3795 it is necessary only to allege that the defendant was driving under the influence of intoxicating liquor. It urges that driving under the influence, prohibited by NRS 484.3795, is per se an unlawful act which proximately caused the injuries to the several passengers.

In Anderson v. State, 85 Nev. 415, 456 P.2d 445 (1969), this court held that it was necessary for the State to allege in the Information and to prove at trial the act causing the death of the victim. This court said that such averment and proof of same were required in addition to showing that the defendant was driving under the influence of intoxicating liquor. The State claims that *Anderson* is no longer the law, because the language

---

[2]Count III:

Defendant GLENN W. JOHNSTON was then and there operating his vehicle while under the influence of intoxicating beverage, causing Defendant GLENN W. JOHNSTON to drive with wilful or wanton disregard for the safety of persons or property, both Defendants GLENN W. JOHNSTON and BRENT ARLAN LEISHMAN racing their vehicles and driving at excessive speeds approaching said intersection, both vehicles failing to stop in obedience to a stop sign erected at said intersection on Oakey Boulevard, which caused Defendant GLENN W. JOHNSTON to strike and collide with a 1966 Ford Bronco, . . . resulting in injury to and the death of . . . a passenger in the vehicle operated by Defendant GLENN W. JOHNSTON.

[3]Count I:

[Defendant] did then and there wilfully, unlawfully and feloniously operate a motor vehicle, to-wit: a 1965 Dodge four-door automobile, bearing 1976 Nevada License No. CKY–079, on Oakey Boulevard at the intersection with Rainbow Boulevard, Clark County, Nevada, while under the influence of intoxicating liquor, which act or neglect of duty proximately caused substantial bodily harm to REESE McMANUS, EMILY BARKER, and MARK SPRINKLE, in that Defendant did strike and collide with that certain 1966 Ford Bronco, bearing 1975 Nevada License No. CY–69, driven by said [sic] PARKER H. McMANUS, the said EMILY BARKER and MARK SPRINKLE being then and there passengers in the vehicle operated by Defendant.

of NRS 484.040, under which the appellant there had been convicted, differs from that of NRS 484.3795, the current felony drunk driving statute.[4] State's argument is unpersuasive. The language in NRS 484.3795 is substantially similar to NRS 484.040, indicating no intent to dispense with the necessity of alleging the act or neglect of duty as a proximate cause of the death or injury.[5]

Indeed, such an intent runs counter to the plain language of the statute. It focuses on the act or neglect of duty which becomes a felony if committed *while* driving intoxicated, not *because* driving intoxicated. In other words, one who drives intoxicated takes the risk of being more heavily penalized for his negligent act than a driver who is sober.

State next contends that the failure of Count I to specify the act or omission of duty causing the injury is remedied by the specificity of Count III and by the grand jury transcript, to which Johnston had access. It cites *Logan v. Warden*, 86 Nev. 511, 471 P.2d 249 (1970), a post-conviction habeas proceeding. In *Logan,* this court held that the conviction need not be reversed despite a similar omission in the Information. It noted that in Nevada a defendant had access to transcripts of preliminary hearings and grand jury transcripts, and that this information was sufficient to inform the defendant of the offense with which he was charged, so that he could properly prepare his defense.

In *Logan,* this court also ruled that, when an Information or

---

[4]NRS 484.040 as then in effect (Act of March 29, 1967, ch. 211, § 469, 1967 Nev. Stats. at 594; repealed by Act of May 4, 1969, ch. 675, § 201, 1969 Nev. Stats. at 1510):

Any person while intoxicated or under the influence of intoxicating liquor who drives or operates a vehicle of any kind, and who, by reason of such intoxication or condition does any act or neglects any duty now or hereafter imposed by law, which act or neglect of duty causes the death of, or bodily injury to, any person, shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years, or by a fine of not more than $5,000, or by both fine and imprisonment.

[5]NRS 484.040 provided, in relevant part: "Any person while . . . under the influence of intoxicating liquor who drives or operates a vehicle of any kind, and who . . . does any act or neglects any duty . . . imposed by law, which act or neglect of duty causes the death of, or bodily injury to, any person, shall be punished. . . ."

Compare NRS 484.3795, which provides, in relevant part: "Any person who, while under the influence of intoxicating liquor, . . . does any act or neglects any duty imposed by law while driving or in actual physical control of any vehicle, which act or neglect of duty proximately causes the death of, or substantial bodily harm to, any person . . . is guilty of a felony."

indictment is first challenged after conviction, a reduced standard may be used in evaluating it. In the instant case, Johnston's challenge was timely made, and the district court ruled properly in granting the challenge. Therefore, we affirm.