THE STATE OF NEVADA, APPELLANT, *v.* JOSEPH JONES, JR., RESPONDENT.

No. 11045

January 16, 1980                           605 P.2d 202

BATJER and GUNDERSON, JJ., dissented.

*Richard Bryan,* Attorney General, Carson City; *Robert Miller,* District Attorney, and *Donald Campbell,* Deputy District Attorney, Clark County, for Appellant.

*Harry M. Reid,* Las Vegas, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

In this appeal from an order granting respondent-defendant's motion to set aside a jury verdict of guilty, we are required to determine whether the trial court erred in concluding that the evidence presented by appellant-state at trial was so at variance with the allegations in the indictment as to warrant the granting of the motion. Remaining issues are whether our trial courts have the authority to set aside a jury verdict of guilty and whether the state can appeal from such an order. We answer the first question in the negative and the other issues in the affirmative.

The content of an indictment is regulated by NRS 173.075. That statute provides that "the indictment . . . shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." NRS 173.075(1). This statute also states that an error in the citation or omission of the violated statute is not ground for dismissal of the indictment if the error "did not mislead the defendant to his prejudice." NRS 173.075(3).

In this case, respondent Jones was indicted for selling heroin, a controlled substance, "to a person over the age of 21 years, to-wit: G. Jolley" on or about February 20, 1976. NRS 453.161, 453.321. The case was tried to a jury ending with a

verdict on May 24, 1978. The evidence adduced at trial shows that on February 20, 1976, Officer Jolley was a narcotics officer with the Las Vegas Metropolitan Police Department and involved with the investigation of the instant narcotics transaction. Robert Scheri, who had assisted Jolley on previous narcotic investigations, assisted Jolley on this occasion by buying heroin from respondent. Prior to the sale, Jolley had loaned his car to Scheri and also given him $200 for the purchase. Scheri took this money and made a purchase of heroin from respondent. Scheri then turned over the balloons of heroin, which were given to him by respondent, and also gave Jolley $40 in change a few minutes after the sale. There is no evidence which shows that respondent believed he was dealing with a third party—that is, Officer Jolley.

Below, respondent contended in closing argument that the jury could not find him guilty because the indictment specifically stated that the sale was to G. Jolley. Respondent argued that the evidence presented demonstrated that he did not sell to Jolley. The state argued that the variation between the proof at trial and the indictment was immaterial as respondent did make a sale of a controlled substance at the alleged time and place. The state also contended that the variance was immaterial due to the fact that jury instruction number 3 stated that respondent was charged with "the sale of a controlled substance."

The state argued that Scheri was acting as an agent or conduit for Jolley in purchasing the heroin. The state unsuccessfully proffered a jury instruction to this effect. Respondent requested an advisory instruction of acquittal, NRS 175.381, due to the contended variance. This request was denied. Judgment was not entered following the guilty verdict and, on July 26, 1978, the trial court granted respondent's motion to set aside the verdict.

1. *The verdict's propriety.*

Appellant argues that the indictment was sufficiently plain and concise thereby meeting the commands of NRS 173.075(1), but that, even assuming a material variance occurred, respondent was not misled "to his prejudice." NRS 173.075(3). The error here, however, is that the indictment charged respondent with a sale of narcotics to Officer Jolley when in fact the sale was made to the informant, Scheri. That a variance occurred is without dispute. But, we must go beyond that fact and decide what standard to adopt in determining whether, on facts such as those now before us, the trial is to be aborted.

The United States Supreme Court has held that reversible

error exists only where the variance between the charge and proof was such as to affect the substantial rights of the accused. Berger v. United States, 295 U.S. 78, 82 (1935). The reason for this is that (1) the accused must be definitely informed as to the charges against him so that he can prepare for trial and will not be surprised by evidence produced, and (2) the accused must be protected against double jeopardy—another charge for the same offense. *See also* Russell v. United States, 369 U.S. 749, 763 (1962).

This court is in agreement with this standard and has added that the indictment should be sufficiently definite to prevent the prosecutor from changing the theory of the case. Adler v. Sheriff, 92 Nev. 436, 440, 552 P.2d 334, 336 (1976); Simpson v. District Court, 88 Nev. 654, 660-61, 503 P.2d 1225, 1230 (1972). Also, we have looked to determine whether the challenge to the indictment was brought before trial or after trial and have said that reduced standards apply to the sufficiency of indictments challenged after trial in contrast to pre-trial challenges. *Compare* Brimmage v. State, 93 Nev. 434, 567 P.2d 54 (1977); Warden v. Shuff, 91 Nev. 719, 541 P.2d 1105 (1975); Vincze v. State, 86 Nev. 546, 472 P.2d 936 (1970); *and* Logan v. Warden, 86 Nev. 511, 471 P.2d 249 (1970) *with* State v. Johnston, 93 Nev. 279, 563 P.2d 1147 (1977) *and* Simpson v. District Court, 88 Nev. 654, 503 P.2d 1225 (1972). In the instant case then, it necessarily follows that we must determine whether respondent was substantially prejudiced by not having the proper opportunity to prepare and whether respondent's objection was timely.

First, regarding the timeliness issue, respondent initially challenged the variance after all the evidence had been adduced. It is true that NRS 174.105(1) requires that pre-trial objections to defects in the institution of the prosecution only include those "defenses and objections then available to the defendant" and that respondent under other circumstances may have been justified in believing that the state would prove a sale to Officer Jolley. Nevertheless, this eleventh hour challenge, after the close of all evidence, belies any claim of prejudice and we glean from the record no evidence of any prejudice. Indeed, the record here shows that respondent, well in advance of trial, was made aware that the sale in question was consummated with the third party informant and not Jolley. The grand jury transcript, a copy of which was made available to respondent shortly after the return of the indictment, contained the testimony of the officers involved and does not

indicate that Officer Jolley was actually participating in the transaction. During the grand jury proceeding, the transcript shows that Jolley testified that the informant told him of respondent "selling heroin to [the informant]" and that the officers would observe the sale. Respondent also acknowledged that the officers had "testified not from personal knowledge but rather from what someone had told them."[1] This court has held that it will review the original indictment and the grand jury transcript in determining whether adequate notice was provided, Logan v. Warden, 86 Nev. at 513, 471 P.2d at 251, particularly where the challenge is belated or untimely.[2] Simpson v. District Court, 88 Nev. 654, 503 P.2d 1225 (1972); Logan v. Warden, 86 Nev. 511, 471 P.2d 249 (1970). Moreover, although entertaining some doubt, the court below initially believed that there had been sufficient notice when it said that it would have allowed an amendment to conform to the proof had this been a civil case.

Second, we must determine whether the instant variance precluded respondent from preparing his defense. *See* Brimmage v. State, 93 Nev. at 440–41, 567 P.2d at 58. With federal courts the crucial question is whether the defendant was substantially prejudiced by the variance. For example, one court held that no prejudice was shown where the wrong date as to the illegal possession of a check was alleged. United States v. Reece, 547 F.2d 432, 434–35 (8th Cir. 1977). Significantly, although the lower court seemed to believe that a murder charge naming the wrong victim would also be a fatal defect, one federal court decided otherwise when a John Doe, Jr. was named instead of John Doe, Sr. United States v. Good Shield, 515 F.2d 1, 2 (8th Cir. 1975). Additionally, the proof of multiple conspiracies has been deemed not to be a fatal variance from the charge of a single offense. United States v. Wayman, 510 F.2d 1020, 1024–25 (5th Cir. 1975).[3]

---

[1] This knowledge on the part of respondent is demonstrated by his points and authorities in support of the pre-trial petition for a writ of habeas corpus.

[2] It is noteworthy that on July 5, 1977, respondent filed a pre-trial petition for a writ of habeas corpus with the district court. Respondent there contended that there was a lack of probable cause and a failure to cite the proper statute. The petition was denied on August 19 and respondent appealed to this court. An order dismissing the appeal was entered by this court on September 17, 1977. Instead of including the subject claim in the habeas petition, Jones elected to proceed to trial. Thus he is relegated to the reduced standard relative to his challenge to the sufficiency of the indictment. *See* Simpson v. District Court, 88 Nev. 654, 503 P.2d 1225 (1972).

[3] In contrast with federal decisions, and the import of several earlier opinions of this court, are decisions from jurisdictions not following the rule of substantial prejudice. In this respect, a few state courts have held that the

It is clear from the grand jury and trial transcripts that respondent sold to the informer and not indirectly to Officer Jolley. Here, the indictment properly identifies the defendant, crime alleged, and date and place of the alleged sale. Considering the indictment coupled with the grand jury transcript, it is apparent that respondent was sufficiently informed of the nature of the offense so as adequately to prepare his defense. Logan v. Warden, 86 Nev. at 514, 471 P.2d at 251. *Cf.* United States v. Knuckles, 581 F.2d 305, 311 (2d Cir. 1978) (difference between heroin and cocaine in indictment was not fatal under federal statute).

The sufficiency of the indictment was challenged only after all the evidence was presented at trial. Additionally, a state statute provides: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." NRS 178.598. These factors indicate the application of a reduced standard toward the sufficiency of the indictment and, as such, we find that the variance between the crime charged and the proof adduced was immaterial. It did not affect the substantial rights of the respondent because it did not impair his ability to prepare his case and defend himself against the charge. *See* United States v. Eaton, 501 F.2d 77, 79 (5th Cir. 1974), *citing* United States v. Schrenzel, 462 F.2d 765 (8th Cir.), *cert. denied,* 409 U.S. 984 (1972); United States v. Lewis, 426 F.2d 266 (9th Cir. 1970). Moreover, at this point the prosecutor cannot change the theory of his case from what was shown at the grand jury proceedings. *See* Simpson v. District Court, 88 Nev. at 660–61, 503 P.2d at 1230.[4]

Finally, we do not perceive double jeopardy as an issue because respondent cannot be prosecuted again for the single transaction. We believe that "[t]he indictment and the trial record provide ample protection to [respondent] from the danger of double jeopardy." McDowell v. United States, 330 F.2d 920, 920 (10th Cir.), *cert. denied,* 377 U.S. 1006 (1964). *Accord,* Mora v. People, 472 P.2d 142, 144 (Colo. 1970).

*2. Appealable determination.*

Our second concern is with regard to the action of the trial court vacating the verdict in response to Jones' motion to have it set aside.

question is whether the state has proved the charged offense. People v. Bueno, 221 N.E.2d 270, 271 (Ill. 1966); State v. Bell, 153 S.E.2d 741, 744–45 (N.C. 1967).

[4]We note that the trial court, after the presentation of all the evidence, correctly refused to instruct the jury on the state's proffered theory of agency. There was no evidence warranting such an instruction.

Here, although the trial court failed to enter the guilty verdict or formally set aside the verdict and enter a subsequent order its action was, in our view, equivalent to the granting of a motion for acquittal. NRS 177.015(1)(b).[5] This statute plainly affords appellant a basis for appeal.

We vacate the trial court's order setting aside the guilty verdict with instructions that the verdict be reinstated and the trial judge proceed to imposition of judgment and sentencing pursuant to law. NRS 177.085(2).

MOWBRAY, C. J., and THOMPSON, J., concur.

BATJER, J., with whom GUNDERSON, J., agrees, dissenting:

I respectfully dissent from the opinion of the majority. At the outset, I cannot agree that the trial court's failure to enter the guilty verdict or formally set aside the verdict is equivalent to the granting of a motion for acquittal. As a matter of fact, no final determination has been made in this case by the trial court; therefore, there is nothing from which the State can appeal. For this reason, I would dismiss this appeal.

On the merits, if it can be assumed that an appeal lies, I would affirm the district court. The failure of the State, within the facts and posture of this case, to allege the proper name of the buyer of the controlled substance adversely affected the substantial rights of respondent to his prejudice.

Preparing a defense to a charge that he had sold heroin, "to a person over the age of 21 years, to-wit: G. Jolley'', when he knew he had not done so is much less complex than preparing a defense to a charge that he had sold heroin to a Robert Scheri, who may or may not be over the age of 21 years and to whom respondent may or may not have sold heroin.

Furthermore, because of the diverse and complex penalties that may be assessed by a trial court pursuant to NRS 453.321 as well as certain prohibition to probation therein (NRS 453.321(3)), it is very important that a defendant be fully and correctly apprised of the exact person to whom he is accused of selling a controlled substance, as well as the correct age of the buyer. Anything less is fatally prejudicial.

---

[5]NRS 177.015(1)(b) provides:

1. The party aggrieved in a criminal action, whether that party be the state or the defendant, may appeal only as follows:

. . . .

(b) To the supreme court from an order of the district court granting a motion to dismiss, a *motion for acquittal* or a motion in arrest of judgment, or granting or refusing a new trial. (Emphasis added.)