An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL NICHOLAS EGGERS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64248

**FILED**

JUN 1 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER REVERSING AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of possession of a controlled substance for sale. Sixth Judicial District Court, Humboldt County; Michael Montero, Judge.

First, appellant Daniel Nicholas Eggers contends that the information was insufficient, allowing the State to change its theory of the case at trial. We disagree. The information alleged that Eggers possessed methamphetamine for the purpose of sale "on or about" July 18, 2012. Although evidence was presented that Eggers had sold methamphetamine on a prior occasion,[1] the district court instructed the jury that the time frame alleged in the information did not include this prior sale. Because the State's argument at trial was consistent with the theory it had alleged

---

[1]Counsel for Eggers did not object to the admission of this evidence, but moved for a mistrial after it was admitted. The district court denied his motion. On appeal, Eggers does not challenge the denial of his motion or argue that the evidence was erroneously admitted.

in the information, we conclude that this claim lacks merit. *See State v. Jones*, 96 Nev. 71, 73-74, 605 P.2d 202, 204 (1980).

Second, Eggers contends that the district court abused its discretion by giving an instruction which stated that "[t]he amount of a controlled substance needed to sustain a conviction for the crime(s) charged against the Defendant is that amount necessary for identification as a controlled substance by a witness qualified to make such identification," rather than his proposed instruction. We review a district court's decision whether to give an instruction for an abuse of discretion, but review de novo whether an instruction accurately stated the law. *Funderburk v. State*, 125 Nev. 260, 263, 212 P.3d 337, 339 (2009). We conclude that the instruction given accurately stated the law, *see* NRS 453.570, and Eggers fails to demonstrate that the district court abused its discretion by giving it rather than his proposed instruction or a version thereof. Moreover, Eggers had an opportunity to explain the meaning of the instruction during his closing argument.

Third, Eggers contends that the district court abused its discretion by excluding evidence which would have demonstrated that the amount of methamphetamine in his possession had no monetary value and could not be sold. When Eggers attempted to elicit this information, the State objected on the grounds that quantity was not an element of the crime and therefore the testimony was irrelevant and misleading. The district court agreed and sustained the State's objections. We conclude that the district court abused its discretion. *See Chavez v. State*, 125 Nev.

328, 344, 213 P.3d 476, 487 (2009). Although quantity is not an element of the crime, the monetary value of the methamphetamine and whether it could be sold was relevant to whether it was possessed for the purpose of sale and was not misleading. *See* NRS 48.015 (defining relevant evidence). While this error, standing alone, may be considered harmless, it contributed to the cumulative error in this case.

Fourth, Eggers contends that the prosecutor committed misconduct during voir dire, opening statement, and closing argument. When reviewing allegations of prosecutorial misconduct, we first consider whether the prosecutor's conduct was improper, and then determine whether the improper conduct warrants reversal. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). Because Eggers did not object, he must demonstrate plain error which affected his substantial rights. *Id.* at 1190, 196 P.3d at 477. Having considered the prosecutor's comments in context, we conclude that they were improper and constitute misconduct. Although it was appropriate for the prosecutor to argue that the law prohibits the possession of methamphetamine in any amount, it was inappropriate to do so by emphasizing the cost of prisons and drug courts, comparing methamphetamine to anthrax and ricin, and suggesting that Eggers should have been facing a life sentence. While this misconduct, standing alone, may not have affected Eggers' substantial rights, it contributed to the cumulative error in this case.

Having considered the relevant factors, *see id.* at 1195, 196 P.3d at 481, we conclude that the cumulative effect of the errors in this

case violated Eggers' right to a fair trial and warrant reversal. Accordingly, we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____Pickering_____, J.
Pickering

_____Parraguirre_____ J.
Parraguirre

_____Saitta_____, J.
Saitta

cc: Hon. Michael Montero, District Judge
Humboldt County Public Defender
Attorney General/Carson City
Humboldt County District Attorney
Humboldt County Clerk

---

[2]The fast track response submitted by the State does not comply with NRAP 32(a)(4) because its pages are not consecutively numbered and the text of the brief is smaller than represented. Counsel for the State is cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).