Sylvester BLUE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 75–1594.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 6, 1976.

Decided Jan. 16, 1976.

Stephen B. Bennett, North Little Rock, Ark., for appellant.

W. H. Dillahunty, U. S. Atty., and Fletcher Jackson, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

BRIGHT, Circuit Judge.

Following a jury trial, Sylvester Blue was convicted of unlawfully possessing a United States Treasury check which he knew had been stolen from the mails, in violation of 18 U.S.C. § 1708, and of falsely impersonating the payee of the check, in violation of 18 U.S.C. § 914. The district court imposed a general sentence of three years for both violations.[1] Blue appeals, contending (1) that the trial court improperly permitted a postal inspector to testify to statements made to him by Blue on July 7, 1975, following Blue's arrest on a state charge, and on July 15, 1975, following a federal indictment and just before Blue was taken before a federal magistrate for arraignment, and (2) that the Government did not present sufficient evidence to support a § 1708 stolen mail violation since the Government failed to prove the mailing of the check in question. We reject these contentions and sustain the convictions.

The Government's evidence established that on January 6, 1975, Blue presented a Treasury check dated January 1, 1975, payable to Rogers Thomas of Little Rock, Arkansas, to Danny Gill, manager of a Little Rock Safeway grocery store. Blue also presented a Medicaid card bearing the name Rogers Thomas as identification to Mr. Gill, claiming to be Mr. Thomas. The grocer became suspicious since the Medicaid card described Thomas as in his forties but appellant looked much younger. When questioned at the grocery store, Blue left without the check but an employee of the store wrote down the vehicle license number on the car that Blue was then driving. Police in tracing the ownership of this car to Blue's sister located and arrested Blue. The Government proved that Thomas, the payee of the check and a cerebral palsy victim for several years, regularly had received social security checks through the mails for about 20 years but that he did not receive either his Medicaid card for January 1975, nor his January 1975 social security check. The prosecution also proved the state of Arkansas had mailed Medicaid cards to entitled persons on December 31, 1974. The prosecutor did not present direct proof of mailing of the Treasury check in question, but on cross-examination a postal inspector-witness testified that the checks "were mailed out and they were not received by the payee." The prosecutor relied upon an admission of Blue to establish his knowledge that the check had been stolen. Blue stated to a postal inspector that Bruce Woods had given him the check, either as a loan or as repayment of a loan, and that Woods told Blue that he (Woods) had been stealing checks from the mail.

The record shows that the district court conducted a hearing on Blue's pretrial motion to suppress as evidence his statements made to the postal inspector. Upon an ample record the district court determined that Blue had been properly advised and warned of his rights and that he had voluntarily made statements to investigating officers. Accordingly, we find no merit to Blue's contention that his statements should have been suppressed.

Blue's second contention that the Government failed to prove theft of the Treasury check from the mails is not

---

1. The sentencing judge recommended incarceration in an institution where Blue may continue his education and be given job training.

free from difficulty. A § 1708 possession charge requires the prosecutor to establish (1) possession by the defendant, (2) of property stolen from the mail, (3) which defendant knew to be stolen. *See United States v. Matzker,* 473 F.2d 408, 409 (8th Cir. 1973). No particular problem exists with respect to items one and three. Direct testimony and appellant's admission to the postal inspector established possession. Appellant's statements that he had received the check in question from Bruce Woods and that Woods told him that he had been stealing checks from the mail furnished a basis upon which a jury could find that appellant knew the Treasury check here in question had been stolen.

■ There is some weakness in the Government's case because it included no direct evidence of the mailing of the Treasury check.[2] Here, although lacking direct proof of mailing, the Government produced evidence that the Medicaid card addressed to Thomas which was in Blue's possession with the Treasury check had been mailed. Both items carried the same address and same date of January 1, 1975. Finally, on cross-examination Blue's counsel elicited from a special investigator, Jim Kuzclek of the Postal Inspection Service, that the checks were "mailed out." Defense counsel in that examination did not question the fact of mailing but questioned the witness on whether the fact that an addressee did not receive mailed matter implies theft from the mails. The witness conceded a possibility of misdelivery.

■ The record here shows nonreceipt of a social security check by an addressee who had received similar checks by mail for 20 years, possession by the defendant of matter shown to have been mailed to the same address shown on the Treasury check in question and unchallenged testimony of an employee of the Postal Inspection Service, which although weak in probative value,[3] does, with other evidence, tend to show a mailing of the Treasury check. Thus we hold the evidence sufficient for conviction of the defendant on the § 1708 count on the particular record in this case.[4]

---

2. Usually in a § 1708 case the Government proves mail theft by showing the article in question had been properly mailed but never received by the addressee. The proof of such facts permits of a reasonable inference of theft from the mails. *United States v. Bloom,* 482 F.2d 1162, 1164–65 (8th Cir. 1973); *United States v. Patterson,* 477 F.2d 558, 559 (8th Cir. 1973); *United States v. Mooney,* 417 F.2d 936, 938 (8th Cir. 1969).

3. We recognize the hearsay nature of this statement and therefore its probative limitations. Nevertheless this testimony was admitted without objection and was entitled to be considered by the jury.

4. While the "mailing" requirement of a § 1708 violation has been satisfied by the proof in this case, our affirmance here is not intended to suggest that proof of nonreceipt by an addressee of matter that is ordinarily mailed, standing alone, will establish the fact of mailing of such matter.