**UNITED STATES of America, Appellee,**

v.

**Robert F. JOHNSON, Appellant.**

**No. 77–1812.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1978.

Decided Feb. 22, 1978.

---

James M. Dunn, Warner & Smith, Fort Smith, Ark., for appellant.

Larry R. McCord, U. S. Atty., and James A. Gutensohn, Asst. U. S. Atty., Fort Smith, Ark., for appellee.

Before MATTHES, Senior Circuit Judge, LAY, Circuit Judge, and HANSON,* District Judge.

MATTHES, Senior Circuit Judge.

Appellant Robert F. Johnson was the subject of an indictment in three counts. Count I alleged that he had possessed, with intent to embezzle the proceeds, a United States Treasury check in the amount of $154.50, issued to Martha J. Robbins, Hot Springs, Arkansas, knowing the same to have been stolen from the United States mails, in violation of 18 U.S.C. § 1708. Count III alleged that appellant uttered and published as true the check to Martin's Recreation Center, Hot Springs, Arkansas, in violation of 18 U.S.C. § 495. We forego discussion of Count II, noting only that it was dismissed by the United States Attorney with the consent of the court.

Appellant and his court-appointed counsel, with the approval of the court and the consent of the government, waived trial by jury. The district court found appellant guilty of both counts.

Appellant seeks reversal on two grounds: (1) the government failed to prove that the Treasury check in question was stolen from the mails; and (2) the evidence did not establish that appellant uttered or publish-

* The Honorable William C. Hanson, Senior District Judge for the Southern District of Iowa, sitting by designation.

ed the check knowing the endorsement thereon to be forged and falsely made. We reject both contentions.

At the outset, we note that the question of whether the check had been stolen from the mails before it was received by the payee was not an issue in the trial of the case or raised by the appellant during any of the proceedings in the district court. ▮ The check was issued from Austin, Texas, and addressed to "Martha J. Robbins, 130 Chappel, Hot Springs, Ar 71901." Normally, Internal Revenue Service refund checks, such as this one, are sent by mail. Cf. Smith v. United States, 343 F.2d 539, 544 (5th Cir. 1965) (social security check). Mrs. Robbins anticipated receiving the check in the mail and even had her neighbors watch for the check while she was away. Her other mail arrived, but the check did not. After she reported the matter to the IRS, a Special Agent of the United States Secret Service investigated. He testified without objection that the check had been mailed from Austin, Texas.[1] When viewed in the light most favorable to the government, the evidence was sufficient to warrant the district court's conclusion that the check was stolen from the mails. See Blue v. United States, 528 F.2d 892, 894 (8th Cir. 1976); Smith v. United States, supra.

Appellant, seventy-one years of age at the time of trial on September 7, 1977, admitted he had been convicted of felonies "numerous times" and had spent thirty-seven years in Arkansas prisons. The events to which he testified were of such a bizarre nature that his credibility was manifestly rendered suspect.

Appellant and Mrs. Robbins are neighbors. According to appellant, he, Mrs. Robbins, and another woman were gathered in Mrs. Robbins' apartment late one night in May of 1974. The group drank a quantity of beer and a pint of whiskey which appellant had obtained from his apartment at Mrs. Robbins' request. Thereafter, Mrs. Robbins produced the subject United States Treasury check, endorsed it, and delivered it to appellant. Appellant then went out and bought a fifth of whiskey, which the group consumed. The next morning, appellant cashed the check at Martin's Recreation Center. After deducting $10.00 (the amount paid for the fifth of whiskey), appellant delivered the proceeds of the check to Mrs. Robbins.

Appellant's story was completely controverted by Mrs. Robbins' testimony.

The original check was admitted as a part of the government's case, examined by the district judge, and has been inspected by us. Mrs. Robbins signed her name during the trial on a blank sheet of paper, and her specimen signature was compared by the district judge with her purported endorsement on the check. The specimen signature does not resemble the purported endorsement. Even to the untrained eye, however, the purported endorsement and appellant's endorsement bear striking similarities.

The controversy presented questions of fact which the district court resolved against appellant, and in so concluding, necessarily found that the elements of Counts I and III had been established.

▮ It is firmly settled that factual findings made by the trial court in a criminal case must stand unless clearly erroneous, at least where such findings concern matters other than the ultimate question of guilt. Kilcrease v. United States, 457 F.2d 1328, 1331 (8th Cir. 1972). An analysis of the record in this case furnishes substantial support for the court's findings. Indeed, it is difficult to perceive how the court could have found appellant not guilty and thereby have credited appellant's testimony.

▮ In sum, the record convinces us that the elements of the offenses were established by strong and cogent evidence, and that the government proved defendant's

---

1. Appellant argues that the Special Agent's testimony was hearsay and therefore inadmissible. We emphasize that appellant raises this issue for the first time in this court. We are unconvinced that plain error was committed. See Blue v. United States, 528 F.2d 892, 894 n. 3 (8th Cir. 1976).

guilt beyond a reasonable doubt. The judgment is affirmed.