**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jerome DAWSON, Defendant-Appellant.**

**No. 79–5160.**

United States Court of Appeals,
Fifth Circuit.

Dec. 26, 1979.

---

Robyn J. Hermann, Asst. Fed. Public Defender, Miami, Fla., for defendant-appellant.

Ralph N. Person, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before COLEMAN, Chief Judge, KRAVITCH and HENDERSON, Circuit Judges.

KRAVITCH, Circuit Judge.

Jerome Dawson was convicted of two counts of possessing stolen mail in violation of 18 U.S.C. § 1708. On appeal Dawson argues that the district court erred in overruling his motion for a judgment of acquittal at the close of the government's case. We find that there was insufficient evidence that the items in question were stolen from the mail; accordingly, we reverse.

The items in question are two American Express money orders which the parties stipulated were properly placed in the United States mails at Rochester, New York on or about March 7, 1978. The addressee was Gray's Drug Store in Homestead, Florida. The manager of the store testified that during a normal business day five employees are in the store. Mail is generally delivered to the cashier who either gives it to the manager or the pharmacist or places it on the manager's desk. The store maintains a log in which the serial numbers of money orders received from American Express are listed. It is undisputed that the money orders in question were never logged in.

The evidence showed that an individual posing as Darrell Barnett used the money orders to purchase two airplane tickets from Air Florida. He presented as identification a City of Opa Locka identification card issued in the name of Darrell Barnett and bearing a photograph. A few weeks later the Air Florida manager who had been on duty at the time of the transaction selected the identification card which had been used for the ticket purchase from a photographic line-up.

In order to support a conviction for a violation of 18 U.S.C. § 1708 there must be proof that: (1) the defendant possessed the item alleged *to have been stolen from the mail*; (2) the item was stolen from the mail; (3) the defendant knew the item was stolen; and (4) the defendant specifically intended to possess the item unlawfully. *United States v. Beechum*, 582 F.2d 898, 910 (5th Cir. 1978) (en banc), *cert. denied*, 440

U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979). Dawson urges on appeal that there was insufficient evidence (1) that he possessed the items alleged to have been stolen from the mail and (2) that the items were stolen from the mail.

There was no direct testimony that the photograph on Darrell Barnett's City of Opa Locka identification card is a picture of Dawson. Nevertheless, there is sufficient evidence to support a finding that Dawson was the individual who used the money orders to purchase the tickets: (1) the identification card was admitted into evidence; (2) the jury could infer that the photograph on the card was of the person who purchased the tickets; and (3) the jury saw the defendant and thus could decide if the photograph on the card was a photograph of Dawson. Accordingly, we find that there is sufficient evidence that Dawson was in possession of the money orders in question.

There was no direct testimony that the money orders were stolen from the mails; the government's case depended upon the jury inferring that the items were stolen from the mail from evidence of due mailing and nonreceipt. *United States v. Duckett,* 583 F.2d 1309 (5th Cir. 1978); *Blue v. United States,* 528 F.2d 892 (8th Cir. 1976). Due mailing was stipulated; that the evidence is sufficient to prove nonreceipt, however, is controverted.

The sole evidence of nonreceipt upon which the government relies is more properly characterized as evidence of non-logging. The money orders in question were not logged in, but because the evidence did not show that mail is logged in immediately upon receipt from the mail carrier, non-logging cannot be equated with nonreceipt. The only inference the jury could draw was that the items were stolen sometime between the time they were mailed and when they would have been logged in; there was no evidence from which a jury could reasonably rule out the hypothesis of a theft after receipt by the drug store. Section 1708 of Title 18 only protects the mails; it does not interdict theft after a letter or package has left the mails. *Allen v. United States,* 387 F.2d 641

(5th Cir. 1968); *United States v. Logwood,* 360 F.2d 905 (7th Cir. 1966).

It is true that we must view the evidence in the light most favorable to the government. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). In this instance, however, we find that the evidence is not sufficient to convince a reasonably-minded jury of the defendant's guilt beyond a reasonable doubt. *United States v. Burns,* 597 F.2d 939 (5th Cir. 1979). We find, therefore, that the district judge erred in not granting the appellant's motion for judgment of acquittal.

This case is reversed and remanded with directions to the district court to enter a judgment of acquittal.

REVERSED AND REMANDED.