**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Johnnie Lee HAWKINS,**
**Defendant-Appellant.**

No. 79–5518
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 20, 1980.

* Fed.R.App.P. 34(a), 5th Cir. R. 18.

R. Jess Brown, Jackson, Miss., for defendant-appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

Defendant Johnnie Lee Hawkins was charged with and convicted of five counts of possessing government checks stolen from the mails (18 U.S.C. § 1708) [1] and five counts of uttering the same checks (18 U.S.C. § 495). [2] The United States District Court for the Southern District of Mississippi sentenced Hawkins to two years on each of the five possession counts and three years on each of the uttering counts, the sentences to run consecutively. Hawkins appeals. We affirm in part and reverse in part.

Hawkins contends initially that the government should be precluded from prosecuting him both for possessing and for uttering because the same checks were involved and he could not possibly have uttered them without first possessing them. Defendant proffers no constitutional or statutory authority for the proposition. The argument lacks merit.

 As long as conviction of one offense requires proof of a fact not necessary for conviction of the other offense, no Fifth Amendment double jeopardy violation occurs. *United States v. Bankston,* 603 F.2d 528, 533 (5th Cir. 1979); *see Brown v. Ohio,* 432 U.S. 161, 166 n. 6, 97 S.Ct. 2221, 2226, 53

---

1. 18 U.S.C. § 1708 provides in pertinent part that "[w]hoever . . . unlawfully has in his possession, any . . . mail, or any article or thing contained therein, which has been . . stolen, . . . knowing the same to have been stolen, . . . [s]hall be fined not more than $2,000 or imprisoned not more than five years, or both."

2. "Whoever utters or publishes as true any . . . false, forged, altered, or counterfeited writing, with intent to defraud the United States, knowing the same to be false, altered, forged or counterfeited . . . [s]hall be fined not more than $1,000 or imprisoned not more than ten years, or both." 18 U.S.C. § 495.

L.Ed.2d 187 (1977); *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). For conviction under Section 1708, the government must prove that the defendant possessed material stolen from the mail, knew that it had been stolen, and had the specific intent to possess the material unlawfully. *United States v. Dawson,* 608 F.2d 1038, 1039 (5th Cir. 1979); *United States v. Beechum,* 582 F.2d 898, 910 (5th Cir. 1978) (en banc), *cert. denied,* 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979). Section 495, however, "requires proof of *putting forth* a false writing, some attempt to circulate a check by means of a fraudulent representation that it is genuine." *United States v. Eddy,* 597 F.2d 430, 432–33 (5th Cir. 1979) (emphasis in original). The offenses contain elements not common to each other. Indeed, "either of the offenses [section 1708 or section 495] can be proved without establishing any of the elements necessary to conviction for the other." *United States v. Makres,* 598 F.2d 1072, 1079 (7th Cir. 1979). Accordingly, there is no Fifth Amendment impediment to prosecution under both statutes. Moreover, as the Court of Appeals for the Seventh Circuit determined in *Makres, supra,* 598 F.2d at 1074–78, there is no evidence of Congressional intent that the two crimes should not be prosecuted and punished cumulatively.

■ Defendant Hawkins also challenges the sufficiency of the evidence on which he was convicted. On appeal we must view the evidence adduced at trial and all reasonable inferences drawn from the evidence in the light most favorable to the government. *Hamling v. United States,* 418 U.S. 87, 124, 94 S.Ct. 2887, 2911, 41 L.Ed.2d 590 (1974); *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). If, when examined in that light, the evidence is sufficient that a jury might reasonably conclude that it is inconsistent with the hypothesis of the defendant's innocence, the jury verdict must stand. *United States v. Zicree,* 605 F.2d 1381, 1385 (5th Cir. 1979); *United States v. Eddy, supra,* 597 F.2d at 432; *United States v. Lonsdale,* 577 F.2d 923, 925 (5th Cir. 1978). In the present case, not all of the counts of which Hawkins was convicted were supported by evidence meeting that standard.

■ The government presented ample evidence on which to base convictions on the five counts of possessing stolen mail in violation of 18 U.S.C. § 1708. The payees of the five government checks in question testified that they regularly received their checks but did not receive them on one occasion. That, in addition to proof that the checks were mailed, was adequate to demonstrate that the checks were stolen from the mail. Defendant's endorsement of the five checks indicated his possession of them. Also, from the testimony of the handwriting expert that defendant endorsed the name of the payee on each check before endorsing his own name, the jury reasonably could have inferred that Hawkins knew that the checks had been stolen and that he specifically intended to possess them unlawfully. Furthermore, with regard to two of the five possession counts, the government presented direct evidence of Hawkins' knowledge that the checks had been stolen and of his specific intent. The payee of the two checks testified that she saw the defendant sitting in the getaway car used by the man who took the checks from her mailbox.

■ The evidence supporting the verdict on count X, the last uttering count, was also substantial enough to withstand defendant's challenge. The service station operator who cashed the check in question positively identified Hawkins as the person who passed the check. This evidence coupled with the handwriting expert's testimony clearly satisfied the government's burden of proof that defendant put forth the check.

■ On the four remaining uttering counts, however, as the government in brief admits, there was a failure to prove defendant's guilt. The sales clerk who accepted one of the four checks testified that Hawkins was with the man who passed the check. The clerk, however, could not recall whether defendant received either the mer-

chandise purchased with the check or the change that resulted from the transaction. None of the people who cashed the other three checks could identify Hawkins at all. No evidence at trial indicated that Hawkins put forth any of the four checks. Proof only of Hawkins' endorsement of the checks and of his presence when one of them was cashed cannot support convictions for uttering the checks under 18 U.S.C. § 495. *See United States v. Eddy, supra,* 597 F.2d at 434–36.

AFFIRMED as to Counts I, II, III, IV, V and X.

REVERSED as to Counts VI, VII, VIII and IX.