UNITED STATES of America, Appellee,

v.

Cheryl Iris HAYES, Appellant.

No. 80–1537.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 17, 1980.

Decided Oct. 21, 1980.

John R. Hearn, Hearn, Clauss & Griffin, Des Moines, Iowa, for appellant.

Roxanne Barton Conlin, U. S. Atty., Amanda M. Dorr, Asst. U. S. Atty., Des Moines, Iowa, for appellee.

Before HEANEY, ADAMS* and STE-PHENSON, Circuit Judges.

PER CURIAM.

Defendant Cheryl Hayes appeals from her jury conviction of a one–count indictment charging that she had in her possession a check which had been stolen from the mails, knowing that it had been stolen, in violation of 18 U.S.C. §§ 1708 and 2. In this appeal defendant charges error in the court's giving of an instruction concerning the inferences that may be drawn from unexplained possession of property deposited in the mails and never received. She further challenges the sufficiency of the evidence to warrant conviction. We affirm the district court.[1]

The government produced evidence that a letter containing a credit union draft had been placed in the mails by a Minnesota resident addressed to a Des Moines, Iowa, resident. The name of the payee had been purposely left blank, and the sender inadvertently omitted her signature as payor.

The addressee testified she never received the letter and thus the draft. The draft was later recovered after it had been filled in with, as payee, the name of an alias used by the defendant, endorsed by the defendant, and negotiated. The evidence also disclosed that the defendant had lived near the addressee at the time the draft was mailed and cashed. The government introduced the opinion testimony of a handwriting expert that defendant had authored the endorsement on the draft.

The disputed instruction[2] provided in pertinent part:

Evidence that the defendant was in actual or constructive possession of property which had been recently deposited in the mails in an envelope or container properly addressed, and which was never received by the addressee or by anyone authorized to receive this property on her behalf, would ordinarily permit you to draw the inferences and find that the property had been stolen from the mails and that the defendant knew that it had been so stolen, unless the defendant's possession is satisfactorily explained.

I say that you may draw these inferences. You are not compelled to do so. You are the sole judges of the facts in the case.

The term "recently" is a relative term, and has no fixed meaning. The longer the period of time since the mailing, the more doubtful the inferences of theft and knowledge from unexplained possession become.

If, then, you should find beyond a reasonable doubt that the property in question was deposited in the mails in an envelope or container properly addressed, that it was never received by the addressee or anyone authorized to receive it on her behalf, that thereafter the defendant was in active or constructive possession of

---

* The Honorable Arlin M. Adams, United States Circuit Judge for the Third Circuit, sitting by designation.

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa, presiding.

2. The instruction tracts 2 Devitt & Blackmar, Fed. Jury Prac. & Instr. § 51.09 (3d ed. 1977).

the property, and that no satisfactory explanation of the defendant's possession appears, you may find that the property was stolen from the mails and that the defendant had knowledge that it was so stolen.

 It is well established that the inferences of the stolen nature of mail and the defendant's knowledge thereof that are permitted to be drawn in the disputed instruction neither deprive defendant of due process of law nor violate her privilege against compulsory self–incrimination. *Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); *United States v. Verdoorn*, 528 F.2d 103 (8th Cir. 1976); *United States v. Matzker*, 473 F.2d 408 (8th Cir. 1973); *United States v. Duckett*, 583 F.2d 1309, 1314–15 (5th Cir. 1978). We are not persuaded by defendant's argument that, with the current uncertain state of United States mail delivery, neither inference is warranted and the cases holding otherwise should be overruled.

 We are satisfied that there was sufficient evidence to support the verdict of guilt by the jury. The mailing and nonreceipt of the subject draft, the evidence that defendant had used as an alias the name of the payee inserted on the draft, and the opinion testimony of the handwriting expert that defendant Hayes had authored the endorsement on the draft furnished sufficient proof from which the jury could find defendant guilty beyond a reasonable doubt. *United States v. Johnson*, 570 F.2d 836 (8th Cir. 1978); *United States v. Lewis*, 560 F.2d 901, 904 (8th Cir. 1977); *United States v. Matzker*, 473 F.2d 408 (8th Cir. 1973).

Affirmed.