**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edna Mae SANDERS,
Defendant-Appellant.**

No. 80–7130.

United States Court of Appeals,
Fifth Circuit.

March 12, 1981.

Frank L. Thiemonge, III, Montgomery, Ala. (Court-appointed), for defendant-appellant.

Barry E. Teague, U. S. Atty., Charles R. Niven, David Allred, Asst. U. S. Attys., Montgomery, Ala., for plaintiff-appellee.

Before HENDERSON, POLITZ and WILLIAMS, Circuit Judges.

**PER CURIAM:**

Edna Mae Sanders appeals her conviction by jury of violating 18 U.S.C. § 1708 by unlawful possession of a check stolen from the mail. She assigns error in: (1) the denial of her motion for acquittal made at the close of the government's case, (2) the grant of the government's objection to evidence offered to bolster appellant's testimony, and (3) the admittance in evidence of an inculpatory statement by appellant which was made post-indictment and outside the presence of counsel. Finding no reversible error, we affirm.

The essential facts are neither complicated nor controverted. Sanders was convicted of possessing a United States Treasury check which had been stolen from the mail. The check was payable to Berline Stinson, for her mother Irene W. Reed, and for convenience was mailed to a second daughter, Ruth E. Carter, to be used to pay her mother's bills.

The evidence reflects that the $212.80 check dated October 3, 1979, was delivered to Ms. Carter's residence mailbox at about 3:00 p. m. that date. At approximately 5:30 p. m. that same afternoon Ms. Carter returned home from work and was met by Aubrey Pate, owner of a neighborhood grocery store, who had the subject check in his possession. Pate explained that the check had just recently been cashed at his store by a black female, known to him only by the first name Edna, claiming she was the niece of a regular customer, Wheeler Bell. Pate was later unable to positively identify Sanders as the person who cashed the check. He had, however, noted on the reverse side of the check the license number of the vehicle in which the woman who cashed the check departed his store: number EJC668 (Government's Exhibit No. 5). Sanders' boyfriend, Willie C. Bolding, owns a car with a license tag number EJG668.

Wheeler Bell testified that he had an account at Pate's grocery, that the defendant was his niece and that she was his only niece named Edna. Further evidence reflected that the check had been routinely processed and mailed by the Treasury De-partment, and that it was never received by Ms. Carter or anyone else acting on behalf of the payee. Finally, an examination of the check disclosed eight identifiable fingerprints, six of which were determined to be those of Sanders.

After her arrest on the instant charge and while in the custody of the United States Marshal, Sanders was advised of her rights by a Postal Inspector who read from a standard form. She acknowledged this advice by signing the form (Government's Exhibit No. 4). During questioning subsequent to receiving this advice, Sanders stated she knew nothing about the check. However, when the Inspector, in response to Sanders' inquiry why she had been arrested, stated that her fingerprints had been found on the check, Sanders conceded that she could have handled the check but declined to say who might have handed her the check or how it might have come into her possession. At this point the interview terminated and no further statements were made or elicited.

At trial, Sanders admitted handling the check, but maintained that one Carl Williams brought it to her house and "throwed it on my kitchen table." She testified that Williams sought to convince her to cash the check, blandishments she declined because she had "already did time for stuff like that."

At the close of the government's case Sanders moved for a directed verdict of acquittal. The court denied the motion, after which the defense offered its evidence. Sanders did not re-urge the motion for directed verdict at close of the evidence.

*Denial of Motion for Acquittal*

By failing to renew the motion for directed verdict, Sanders waived the right of review on appeal unless such were to result in a miscarriage of justice. Fed.R. Crim.P. 29(a); *United States v. Siegel*, 587 F.2d 721 (5th Cir. 1979). Even if Sanders had timely renewed the motion the objection would be for naught; we have reviewed the evidence and find the motion to

be without merit. The test for determining whether the district judge erred in refusing to grant a motion for acquittal is whether, considering the evidence in the light most favorable to the government, reasonable persons might find the evidence inconsistent with every reasonable hypothesis of innocence. *United States v. Navar*, 611 F.2d 1156 (5th Cir. 1980). *See also United States v. Zicree*, 605 F.2d 1381 (5th Cir. 1979), *cert. denied*, 445 U.S. 966, 100 S.Ct. 1656, 64 L.Ed.2d 242 (1980); *United States v. Hitsman*, 604 F.2d 443 (5th Cir. 1979). A conviction under 18 U.S.C. § 1708 requires proof beyond a reasonable doubt that the defendant possessed material stolen from the mail, knowing same to be stolen, with intent to possess the material unlawfully. *United States v. Hawkins*, 614 F.2d 85 (5th Cir.), *cert. denied*, 446 U.S. 955, 100 S.Ct. 2926, 64 L.Ed.2d 814 (1980). The jury is entitled to infer that, absent a satisfactory explanation, a person who possesses property which has been recently stolen has knowledge of the stolen character. *Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1972); *United States v. Roberts*, 483 F.2d 226 (5th Cir. 1973). Viewing the evidence under the standard of *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), we are inexorably led to the conclusion that the evidence, including the overwhelming circumstantial evidence, presented an issue for the jury and the district court did not err in refusing to grant the motion for acquittal.

### Evidence Excluded

Sanders contends that the district court erred in refusing to allow Willie C. Bolding to testify concerning a conversation he had with her on the date the check was stolen and cashed. The conversation purportedly would bolster her trial testimony. The district court excluded the testimony as hearsay. Appellant relies on the case of *United States v. Matot*, 146 F.2d 197 (2nd Cir. 1944), in support of the assignment of error.

■ Appellant's position is not well-founded. *Matot* does not support her contention. In *Matot*, the wise Judge Learned Hand held that self-serving statements elicited during the testimony of a defendant were admissible unless excluded by some evidentiary rule, such as the hearsay rule. *Matot* is not authority for the proposition that a witness may testify to hearsay statements of a defendant. If the statement was offered to prove the substance of a conversation between Sanders and Bolding so as to establish what happened when and if Williams brought the subject check to Sanders' home, it would be offered as proof of the matter asserted in the conversation. The hearsay rule prohibits introduction of such evidence. Fed.R.Evid. 801; *United States v. Fox*, 613 F.2d 99 (5th Cir. 1980). On the other hand, if the statement was offered on a non-assertive basis, *i. e.*, for proof only of the fact that it was said, the statement would not be subject to the hearsay objection. We are not convinced that Sanders could be prejudiced by exclusion of the statement offered only on the non-assertive basis. In that posture the statement could not fortify or bolster her testimony. It is only if offered as proof of what occurred between Sanders and Williams that such corroboration would exist, and that would be obvious hearsay. The district judge did not err in excluding this testimony.

### Allowance of Testimony

■ Sanders' final complaint concerns the inculpatory statement she made to the Postal Inspector about perhaps handling the check. Evidence of this statement was elicited by defense counsel on cross-examination of the Postal Inspector. Because no objection was made at the time of the question and answer, our review is governed by the plain error standard. Fed.R.Crim.P. 51 and 52(b); *United States v. Fendley*, 522 F.2d 181 (5th Cir. 1975).

■ This assignment is without merit. Sanders had the right to decline to answer any question. She also could permit interrogation to the extent she chose. *Blasingame v. Estelle*, 604 F.2d 893 (5th Cir. 1979). Sanders chose to answer some questions, but then refused to discuss the matter

further. She was not the victim of any sharp or unfair practices. We perceive no trickery in the conversation with the Postal Inspector who explained her rights and secured her acknowledging signature on the standard rights form. Sanders protested her innocence and asked why she had been arrested. The Inspector answered this inquiry by telling her that her fingerprints had been found on the check. Sanders volunteered the explanation that she might have handled the check. This statement was freely, knowingly and voluntarily made. It was not improperly admitted. *United States v. Micieli*, 594 F.2d 102 (5th Cir. 1979).

Finding no merit to the assignments of error, the conviction is AFFIRMED.