UNITED STATES of America, Appellee,

v.

Henry HAYNES, Jr., Appellant.

No. 81–1341.

United States Court of Appeals,
Eighth Circuit.

Submitted July 2, 1981.

Decided July 8, 1981.

---

George W. Proctor, U. S. Atty., Robert L. Neighbors, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before ROSS, Circuit Judge, GIBSON, Senior Circuit Judge, and STEPHENSON, Circuit Judge.

PER CURIAM.

Henry Haynes, Jr. was convicted by a jury of possession of a check stolen from the mails knowing it to be stolen, in violation of 18 U.S.C. § 1708. He appeals from the district court's[1] denial of his motion for a directed verdict of acquittal at the close of the government's case. He alleges that there was insufficient evidence showing that the check was in his possession. We affirm.

---

[1] The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas.

"In considering a motion for acquittal, the verdict of guilty must be sustained if, viewing the evidence in the light most favorable to the government together with all reasonable inferences therefrom, there is substantial evidence to support it." *United States v. Williams*, 604 F.2d 1102, 1126 (8th Cir. 1979) (quoting *United States v. Frye*, 548 F.2d 765, 767 (8th Cir. 1977)).

In the instant case the defendant stated under oath that he signed his name to the check at a grocery store in Blytheville, Arkansas, knowing that the check was "hot." He signed the check in order to help his companion cash it, previous attempts to cash the check having failed.

■ The issue of whether Haynes possessed the check is one of fact for the jury. The jury was instructed in accordance with E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 16.07 (3d ed. 1977). This court has previously approved this instruction, *Sewell v. United States*, 406 F.2d 1289, 1293–94 (8th Cir. 1969), which states in relevant part:

The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

The law recognizes also that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

■ It is our view that the jury could properly find that Haynes had actual pos-

session of the check when he signed his name to the check and showed his I.D. in order to get the check cashed. In so doing he satisfied the instruction's requirement of "direct physical control over a thing, at a given time." The fact that Haynes' possession may have been brief does not negate possession of the stolen check. *See United States v. Agee*, 597 F.2d 350, 360 (3d Cir.), *cert. denied*, 442 U.S. 944, 99 S.Ct. 2889, 61 L.Ed.2d 315 (1979).

Affirmed.