# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

——————

No. 04-2316

——————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Patrice L. Cleaver, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

——————

Submitted: February 7, 2005
Filed: April 22, 2005

——————

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

——————

PER CURIAM.

Patrice Cleaver appeals from the judgment the district court[1] entered upon a jury verdict finding her guilty of receiving and possessing stolen mail matter in violation of 18 U.S.C. § 1708. Cleaver challenges the sufficiency of the evidence.

We conclude that the evidence was sufficient for a reasonable jury to find Cleaver guilty. See United States v. Dabney, 367 F.3d 1040, 1042 (8th Cir. 2004)

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

(standard of review). The government met its burden of proving that a credit card was stolen from the mail; and that Cleaver, knowing it was stolen, unlawfully possessed the credit card. See 18 U.S.C. § 1708; United States v. Matzker, 473 F.2d 408, 409 (8th Cir. 1973) (burden of proof). The jury reasonably could infer the credit card was stolen from the mail based on evidence that the bank-issued card was mailed to an invalid address and was never received by the intended recipient or returned to the bank, see Blue v. United States, 528 F.2d 892, 894 n.2 (8th Cir. 1976); and could infer knowledge that the credit card was stolen based on evidence of possession, see United States v. Lewis, 560 F.2d 901, 904 (8th Cir. 1977). Evidence of Cleaver's fingerprints on receipts from transactions on the stolen credit card was sufficient for the jury to find that Cleaver unlawfully possessed the credit card. Cf. United States v. Haynes, 653 F.2d 332, 333-34 (8th Cir. 1981) (per curiam) (jury could properly find defendant had possession of check stolen from mail when he signed his name to check and showed I.D. in order to cash check); United States v. Dawson, 608 F.2d 1038, 1040 (5th Cir. 1979) (evidence--consisting of identification card used by one who used money orders stolen from mail stream to purchase airline tickets, inference that photograph on card was of person who purchased tickets, and comparison of defendant and photograph on card--was sufficient to show possession of stolen money orders).

Accordingly, we affirm.

_____