[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14544
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cr-00212-ACC-KRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK S. AMAR,
a.k.a. Mark Irwin Sachs,
a.k.a. Mark Spaulding,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 2, 2012)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Mark Amar was convicted on two counts of making a false statement on a passport application, in violation of 18 U.S.C. § 1542.  On appeal, he argues that the evidence at trial was insufficient to support the verdict on either count.  Upon review of the record and consideration of the parties' briefs, we affirm.

"We review *de novo* whether sufficient evidence supports a conviction, resolving all reasonable inferences in favor of the verdict."  United States v. Farley, 607 F.3d 1294, 1333 (11th Cir. 2010).  When considering a sufficiency challenge, we must construe the evidence in the light most favorable to the government and determine whether the jury could find the defendant guilty based on the evidence.  Id.  Questions of credibility and weight of the evidence are left to the jury, so we should affirm when the record provides a reasonable basis for the conviction.  Id.

To establish that a defendant has made a false statement on a passport application in violation of 18 U.S.C. § 1542, the government must prove the defendant "willfully and knowingly ma[de] any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States."  18 U.S.C. § 1542.  Notably, § 1542 does not require that the false statement be of a material fact—that is, "any false statement" is sufficient.  See United States v. Ramos, 725 F.2d 1322, 1323 (11th Cir. 1984).

2

We have held that "[t]he crime is complete when one makes a statement one knows is untrue to procure a passport." United States v. O'Bryant, 775 F.2d 1528, 1535 (11th Cir. 1985). "Good or bad motives are irrelevant." Id.

Here, the evidence justified a conclusion that the same individual—an individual currently known as Mark Amar—filled out the 1986 passport application in the name of "Mark Sachs," the 2008 application in the name of "Mark Spaulding," and the 2009 application in the name of "Mark Amar." First, there was evidence demonstrating that it was Amar that applied for the 2008 passport as Mark Spaulding. Fingerprints for Amar matched those for the individual applying as Mark Spaulding; Amar and Mark Spaulding supplied the same social security number; and Amar successfully petitioned a Florida court to change his name from Mark Spaulding to Mark Amar in 2009.

Second, sufficient evidence established that it was Amar who also applied for a passport in the name of Mark Sachs more than twenty years earlier. The jury could identify Amar as the individual depicted in the photographs submitted with each of the passport applications. Likewise, by comparing the distinct features of the signatures for "Mark Sachs" and "Mark Spaulding," the jury could have

3

concluded that the same individual signed these applications.[1]  Lastly, all three

passport applications were filed on behalf of an individual with the first name

Mark, who was approximately six feet tall, had blonde hair and blue eyes, and was

born on October 14, 1950.

Critically, evidence demonstrated that Amar was actually born in Brooklyn,

New York, with the legal, birth name of Mark Irwin Sachs, to parents Leonard

Sachs and Sadie Friedman.  He was not, as he would represent, born in Woodland,

California, with the name Mark Spaulding, to parents John Spaulding and Shirley

Hall.  Testimony from a clerk with the New York Department of Health, Vital

Records, explained that the birth certificate filed in connection with the 1986

passport application was a legitimate, certified document, and confirmed that an

individual named Mark Irwin Sachs, with parents Leonard Sachs and Sadie

Friedman, was born in Brooklyn, New York, on October 14, 1950.  In contrast, a

support specialist for vital statistics and records at the Yolo County Clerk

Recorder's office in Woodland, California, testified that the notification of birth

registration filed in connection with the 2008 and 2009 passport applications—a

---

[1]    We reject the Amar's suggestion that the evidence here was legally insufficient because there was no expert testimony to aid the jury in determining whether the individual in the photograph was the defendant or whether the documents were signed by the same person. See, e.g., United States v. Dawson, 608 F.2d 1038, 1040 (5th Cir. 1979); United States v. Bell, 833 F.2d 272, 276 (11th Cir. 1987).

document connected to an individual named Mark Spaulding—did not exist in their records, was not of original quality, and was not the type of document that Yolo County or the State of California printed. She further testified that after extensive searches by name, registration number, and date, she was unable to find any record of a birth of an individual named Mark Spaulding. Based on this evidence, the jury was justified in accepting the Government's theory that Amar had truthfully identified himself as Mark Sachs, born in New York, in his 1986 passport application, and the California notification of birth registration for Mark Spaulding was a falsified document.

Accordingly, there was sufficient evidence that, as charged in Count One, on his June 23, 2008, passport application, Amar falsely "stated he was Mark Spaulding born in Woodland, California, when, as the defendant then and there well knew, his true birth name was Mark Irwin Sachs who was born in New York." Amar argues the United States failed to show that this false statement was made knowingly and willfully, "as opposed to a simple mistake." However, Amar's knowledge was established by the fact that he submitted his New York birth certificate in support of his 1986 passport application and accurately stated therein that he was born in Brooklyn, New York. His decision to provide false

names for his parents and to submit a fraudulent notification of birth registration further supports the jury's finding that Amar acted willfully and knowingly.

The evidence was likewise sufficient to show that, as charged in Count Two, on his August 21, 2009, passport application, Amar falsely "stated he was Mark Spaulding, when, as the defendant then and there well knew, his truth birth name was Mark Irwin Sachs who was born in New York." Amar emphasizes that he submitted the 2009 application in the name of Mark Amar, his legal name at that time. Therefore, he argues, the Government's allegation in Count Two was "simply wrong," because the Government could not prove that he falsely stated he was Mark Spaulding. Despite this argument's surface appeal, we cannot agree with Amar's characterization.

True enough, Amar submitted the 2009 application in the name of Mark Amar. Nevertheless, in response to the question of whether he had ever used other names, Amar listed only Mark Spaulding, opting not to reveal that his given name had been Mark Sachs. Further, Amar's application provides the fictitious place of birth and fictitious names of parents associated with Mark Spaulding, and Amar submitted the fraudulent notification of birth registration in the name of Mark Spaulding. He also attached documentation purporting to show that he had legally changed his name from Mark Spaulding to Mark Amar, even though there is no

6

evidence he ever legally changed his name to Mark Spaulding.[2]  This evidence

amply supported the jury's finding that Amar's 2009 passport application falsely

stated that he was Mark Spaulding.

     AFFIRMED.

---

[2]    Amar's suggestion that Mark Spaulding could not have been a false name because he availed himself of his common law right to adopt any name he chooses is unpersuasive.  At the outset, we note that, even though Amar moved the district court for a judgment of acquittal, he did not do so on this particular basis.  Amar raises this common law change of name defense for the first time on appeal, he did not request an appropriate jury instruction, and at no time did he alert the district judge of the relevant authority.  See, e.g., United States v. Wasman, 641 F.2d 326, 327 (5th Cir. 1981) ("[The defendant] correctly argues that under both common law and the law of Florida a person may adopt any name he wishes without any legal proceedings provided it is not done for fraudulent purposes."); United States v. Mount, 757 F.2d 1315, 1318 (D.C. Cir. 1985) ("Where use of a false name is charged, the prosecution must show, first, that the name was not, in fact, the defendant's name, and second, that the defendant assumed the name for a fraudulent purpose."); United States v. Cox, 593 F.2d 46, 48 (6th Cir. 1979) (explaining that, under Michigan law, "a person may adopt any name he or she wishes, without resort to any court and without any legal proceedings, provided it is not done for fraudulent purposes").  Therefore, our review is for plain error.  United States v. Hunerlach, 197 F.3d 1059, 1068 (11th Cir. 1999).

First, any alleged error based on this common law theory would not be plain.  Second, the record contains ample evidence by which the jury could conclude that Amar assumed the name Mark Spaulding for fraudulent purposes.  For example, Amar invented a fictitious set of parents, lied about his place of birth, and submitted a false notification of birth registration.  None of this would have been necessary had Amar simply adopted a new name for a non-fraudulent purpose.  In addition, even though Amar used the name Mark Spaulding as early as 1972, he continued to use his birth name, Mark Sachs, until at least 1986, the year he successfully applied for a passport in that name.  See Mount, 757 F.2d at 1319 (holding that evidence supported jury finding that defendant adopted name for fraudulent purposes, and thus supported guilty verdict on false statement charge, where defendant had secured passports in multiple other names and where one of his passport applications was supported by a fraudulent birth certificate and driver's license).  On this record, we discern no plain error.