MARY SIMMS McKINNEY, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 7000

December 19, 1973                    516 P.2d 1404

*Morgan D. Harris,* Public Defender, and *Brian L. Greenspun* and *Philip M. Pro,* Deputy Public Defenders, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was charged with and convicted of second-degree murder. Appellant urged self-defense at the trial. The sole

assignment of error on this appeal is whether the trial court erred in its refusal to give appellant's following proposed instruction on two reasonable theories:

"If upon a fair and impartial consideration of all the evidence in the case, the jury finds that there are two reasonable theories supported by the testimony in the case, and that one of such theories is consistent with the theory that the defendant is innocent of charges contained in the Information and that the other is consistent with the guilt of the defendant, then it is the law, and the law makes it the duty of the jury to adopt that theory which is consistent with the innocence of the defendant, in finding the defendant not guilty."

As recently as Kovack v. State, 89 Nev. 364, 513 P.2d 1225 (1973), this court held that it was not error to refuse such an instruction where there was direct evidence at the trial and where the other instructions given to the jury, including those on reasonable doubt, were adequate.

The trial court gave instructions designed to cover all elements of murder and the degrees thereof. Included were instructions on reasonable doubt and self-defense.

As the trial court indicated, the "two theory" proposition was amply covered by the other instructions. Further, the evidence adduced at trial was direct evidence. Hence, we find no error in the refusal of the lower court to give appellant's requested instruction. Accordingly, we affirm the decision of the lower court. Scott v. State, 72 Nev. 89, 295 P.2d 391 (1956); Vincze v. State, 86 Nev. 546, 472 P.2d 936 (1970); Kovack v. State, *supra.*