GARY W. COLLURA, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 12050

October 14, 1981                    634 P.2d 455

*Leavitt, Graves & Leavitt,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert Miller,* District Attorney, and *James Tufteland* and *Raymond D. Jeffers,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

In response to a report of a shooting at a residence, Las Vegas Police found the body of a Glen Leroy Volk, dead from gunshot wounds. Approximately one month later appellant walked into the San Diego, California, Sheriff's office and, after receiving his *Miranda* warnings, voluntarily confessed to killing Volk. Appellant was tried and convicted of first degree murder upon a jury trial. On appeal, the main issue raised by appellant is the sufficiency of the charging document.

The charging information was entitled "Murder (Felony—NRS 200.010 and 200.030)" and stated that appellant ". . . did then and there willfully and feloniously kill Glen Leroy Volk, a human being, by shooting at and into the body of said Glen Leroy Volk with a firearm." The appellant contends that because of the omission of the words "without authority of law and with malice aforethought" he was not fully informed of

the nature of the accusation and was thereby substantially prejudiced in the preparation of his defense.

Appellant made no objection to any defect in the charging information prior to trial or during trial. The possible insufficiency of the charging document was first noted, sua sponte, by the trial court at the close of trial.

Our statute requires that the information or indictment contain a "concise and definite written statement of the essential facts constituting the offense charged" including a "citation of the statute, . . . or other provision of law which the defendant is alleged therein to have violated." NRS 173.075(1)(3). Nonetheless, when the accused proceeds to trial without challenging the sufficiency of the information or indictment an element of waiver is involved. Simpson v. District Court, 88 Nev. 654, 661, 503 P.2d 1225, 1230 (1972). Where, as in the instant case, the appellant has not objected to the charging document until after trial and without a showing of prejudice, the sufficiency of the information is tested by a reduced standard. State v. Jones, 96 Nev. 71, 74, 605 P.2d 202, 204 (1980); Vincze v. State, 86 Nev. 546, 549, 472 P.2d 936, 938 (1970). We may look to the entire record to determine whether the accused had notice of what later transpired at trial. *See* Simpson v. District Court, 88 Nev. at 661, 503 P.2d at 1230; Vincze v. State, 86 Nev. at 549, 472 P.2d at 938.

Even if the charging information is "insufficient" in that it does not contain every element that it should, appellant was not thereby prejudiced. The criminal complaint, filed in justice court prior to the preliminary hearing, did specify "without authority of law and with malice aforethought" in addition to the aforementioned language of the charging information.

Moreover, pursuant to NRS 175.552, appellant had further notice that the State sought a conviction of murder, including a possible death penalty, by the Notice of Allegation of Aggravating Circumstances. Such document specifically informed appellant prior to trial that "the state intend[ed] to put on evidence of aggravating circumstances under NRS 200.033 in the event the trial jury returns a verdict of guilty to murder in the first degree."

Appellant was sufficiently informed of the charges and the particular act alleged to have been committed by him to enable him to defend against the accusation. Other claims of error,

most raised for the first time on appeal, are without merit and need not be addressed.

The judgment of the district court is affirmed.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, Sr. J.,[1] concur.